NEW YORK,
October, 1814.

DEWITT
v.
POST.

**DEWITT** *against* **POST.**

On a writ of error *coram vobis*, only the proceedings complained of as erroneous are reversed, and all prior proceedings remain unimpeached, from whence the plaintiff may, after reversal, continue the original action, without being obliged to commence it *de novo*.

The judgment in case of reversal for error *in fact*, is that the judgment below *be recalled;* but for error *in law*, that it *be reversed*.

THE plaintiff had obtained a verdict at the *Ulster* circuit, in *November*, 1812, in this action, which was for debauching the plaintiff's daughter; special bail had been put in. At the time of the plea pleaded, the defendant was an infant, but had appeared by attorney, which, on a writ of error *coram vobis*, he assigned for error, and the judgment was reversed.

The sole question now presented for the opinion of the court was, whether the plaintiff might proceed in continuance of the former suit, commencing with the declaration filed therein, and if the defendant did not plead thereto, might enter his default, and execute a writ of inquiry in the original suit; or should be put to commence his action *de novo*.

The case was submitted to the court without argument.

PLATT, J. delivered the opinion of the court. This court, on writ of error *coram vobis*, gave judgment, if correctly entered, that its former judgment, in this cause, be "*revoked, annulled, and altogether held for nothing,*" for an error in *fact;* viz. that the defendant, being an infant, appeared by attorney. It seems, judgment of reversal for error *in fact*, is "*revocetur.*" For error *in law*, "*reversetur.*" (*Bac. Abr.* tit. *Error.* (M) s. 2. *Rol. Abr.* 805.)

In this case the first judgment is *recalled*, for error *dehors the record;* but, according to the forms of entries, in such cases, the "*proceedings*" are not reversed and annulled. (*Tidd's Practical Forms*, 304. &c.)

In the case of *Cuming* v. *Sibly*, (*Burr.* 2490.) Lord *Mansfield* says, "Where the defendant below brings a writ of error, we only reverse such wrong part of the judgment as he complains of."

In this case we correct our own judgment. The record has never been out of this court; and I see no reason for compelling the plaintiff, who no doubt made an innocent mistake, to commence his suit *de novo*.

Let a new rule to plead be entered.