ARNOLD and others *against* SANDFORD.

*Where in error to a court of C. P. the judgment below was revoked for error of fact, to wit, the infancy of one of the defendants; the plaintiff in error was held entitled to costs under the 13th section of the act, (sess. 36. ch. 96. 1 N. R. L. 343. 346,) it being substantially a reversal of the judgment; and, in such case, the defendant below may be ordered to appear and plead de novo, to the declaration removed into this court; having refused to rejoin to the assignment of errors, after leave given for that purpose, on withdrawing a demurrer.*

THE court, in *October*, 1817, (14 *Johns. Rep.* 417.) on a demurrer to the assignment of errors in this cause, which was of an error in fact, to wit, the infancy of *Duncan*, one of the plaintiffs in error, gave judgment that the judgment of the court below be revoked, *revocetur;* with liberty to the defendant, if he chose, to withdraw his demurrer, and rejoin to the assignment of errors. A certified copy of the rule for judgment of reversal was served on the attorney of the defendant, on the 2d of *November*, 1817, but he had not thought proper to avail himself of the liberty given to rejoin to the assignment of errors. A question having arisen, before the *Recorder* of *New-York*, as to the taxation of costs, it was, by consent of the parties, submitted to the court, whether the plaintiffs in error are entitled to their costs, under the 13th section of the act, passed *April* 12, 1813, (1 *N. R. L.* 343. 346.) which gives costs to the plaintiff in error, on *reversal.* It was also submitted, whether the defendant in error, not choosing to rejoin to the assignment of errors, is not entitled to a rule on *Duncan*, the defendant below, to appear and plead *de novo*.

*Sampson*, for the plaintiffs in error. He cited 6 *Johns. Rep.* 104. *Styles's P. R.* 288. 2 *Saund.* 319. 11 *Johns. Rep.* 460.

*Slosson*, contra, contended, that the plaintiffs in error were not entitled to costs. Previous to the statute of the 12th of *April*, 1813, no costs were ever allowed a plaintiff in error, on the reversal of the judgment below. As it is an alteration of the common law rule, as to costs, it ought to be construed strictly, The statute says, that in cases of *reversal*, the plaintiff in error shall be entitled to costs. *Reversal* is only for errors in law. Here the judgment was *revocetur*, for an error in fact, and, therefore, not within the words of the act. If it was a judgment of *reversal*,

there could be no further proceeding in the cause. But
the judgment being *revoked* for an error of fact, *dehors* the
record, the party will be allowed to proceed *de novo*, from
the time when the error in fact began. There is no reason,
therefore, for allowing costs in this case.

NEW-YORK,
October, 1818.

COSTER
v.
WATSON.

*Per Curiam.* The *form* of the entry of the judgment
ought not to deprive the plaintiff in error of his costs. It
is, substantially, a judgment of *reversal;* and, therefore,
within the statute.

In *Dewitt* v. *Post,* (11 *Johns. Rep.* 460.) we decided, that
the proceedings might be reversed in part. The whole
cause is removed from the court below, and the record is
here, so that we might award a *venire de novo,* returnable in
this court. If so, we may direct the infant to plead *de novo.*

The costs, on reversal, must, therefore, be assessed ac-
cording to the statute ; and the defendant in error may en-
ter a rule for the defendant below, *Duncan,* to appear and
plead *de novo* to the declaration removed into this court.

Motion granted.