Judge Wright
delivered the opiniou of the court:
The single question raised upon the application before us is, whether a writ of error will lie to examine into an error in fact, dehors the record in a judgment of the Supreme Court? No practice on the question is known to us, this being the first application within our knowledge, though tradition advises us that the writ has, in times past, been both allowed and refused.
In England, errors in fact are corrected in the common pleas during the judgment term, without writ. After the close of the term such errors are examined into upon writ of error in the king’s bench. 1 Burr. 410; 2 Saund. 101, a., n. 1, and 308. The writ of error coram nobis is not within the statute of 27 Eliz., allowing writs of error from the exchequer to the king’s bench ; and such writ is held not to lie to the house of lords, because it is inconsistent with the dignity of that court to take cognizance of facts. It has, after great argument, been decided that the king’s bench could reverse its own judgment on a writ of error. 3 Salk. 145; 2 Leon, 74; Cro. Eliz. 106 ; Yelv. 157. It is now held, that for errors in fact in the king’s bench, its judgments may be reversed in the same court by writ of error coram nobis resident, F. N. B. 21 (49); 1 Strange, 127; as otherwise the erroneous proceeding could not be reached.
*If the necessity for a writ of error to the king’s bench in
the state of things in England was a good reason for the use of the writ there, the same reason exists in this state. The Supreme Court being our highest judicial tribunal, no other court can examine its proceedings; and if the writ of error coram nobis resident is refused in our practice, wrongs resulting from the errors in fact of this court would remain without redress.
The Supreme Court in New York has adopted the like practice. 11 Johns. 460.
The writ is allowed, returnable to the next term.