## LEAVITT *vs.* WALLACE.

A disclaimer, filed by a defendant in a real action, estops him from setting up any title, in a subsequent action by a grantee of the plaintiff, except one subsequently acquired.

Leavitt *v.* Wallace.

An appearance to an action, by an attorney of the court where it is pending, is presumed to have been regularly made, until the contrary is shown.

The act of July 1, 1831, providing further remedies for landlords and tenants, is confined to those cases where there has been a tenancy; and is not to be applied to cases where the respondent holds adversely, and the relation of landlord and tenant has never existed.

COMPLAINT, to recover the possession of a tract of land in Moultonborough, under the act of July 1, 1831, " providing further remedies for landlords and tenants."

The respondent, Meribah Wallace, pleaded that she held the land in her own right. The complainant replied an estoppel.

The case was submitted to the determination of the court upon a statement of facts.

The summons was dated December 21, 1839. On the 13th of the same December, a notice from the plaintiff was delivered to the respondent, requiring her to quit the house she occupied, (which is situated on the premises of which the complainant seeks to recover the possession,) and to let him have peaceable possession of the same within seven days.

The complainant's title is derived from Stephen Moody, by deed dated October 14, 1838, conveying all his right and title to a tract of land, particularly described in a writ of possession, dated August 21, 1834, which Moody recovered against Nathaniel Wallace, and which describes the whole of the Wallace farm, so called, including the premises demanded in this process.

The judgment upon which said writ was issued, was rendered in an action brought by Moody against Nathaniel Wallace and the respondent, to recover the whole land described in the writ of possession. J. H. Woodman appeared as attorney for both the defendants, and in behalf of the respondent filed a general disclaimer to the land demanded, and thereupon Moody paid the respondent's costs ; and Nathaniel Wallace, the other defendant, was defaulted, and judgment rendered against him, August term, 1833. It does

not appear that Woodman was ever employed to act as an attorney for the respondent, except from the records of the court, showing that he thus appeared and pleaded.

Under the writ of possession which issued upon the judgment against Nathaniel Wallace, nominal possession was taken of part of the premises in the name of the whole.

The complainant, since the date of the deed to him, has been in the possession of all the land described in the writ of possession, excepting that part which is claimed by the respondent.

The respondent claims seven and a half acres of land, where the house stands, and the house, in her own right, under a deed from Nathaniel Wallace, dated July 2, 1814, duly acknowledged and recorded, January 16, 1816, describing the same by metes and bounds ; and she has been in the actual possession of the same ever since the date of her deed, claiming right, and not acknowledging any superior title. The house, which was on the land at the date of the deed, has in part been taken down, and rebuilt by the respondent.

This process was instituted before a justice of the peace, and, upon the filing of the pleadings, was carried to the common pleas.

Judgment to be entered according to the opinion of this court upon the foregoing facts.

*W. C. Clarke*, for the complainant. The defendant has no title. She is estopped by her disclaimer. *Stearns' R. A.* 194.

It has been objected that there is no evidence of her having put in the disclaimer. But Woodman appeared as her attorney, and that is her appearance. 9 *Wheat.* 738 ; *Howe's Practice* 37.

The defendant did not build the whole house. She only repaired, or built part. This cannot avail her.

The plaintiff has a right to the premises. The title was in Moody, who entered and took nominal possession.

The question then arises, whether the plaintiff has properly pursued his remedy under the landlord and tenant act.

The act is broad enough to try the title of real estate, and the plaintiff has duly given notice and pursued the provisions of it.

*Lyford & S. Emerson*, for the respondent. The defendant may be estopped, although the suit could not have been maintained against her.

We agree, for the purpose of this trial, that the plaintiff has Moody's right. But we say the house was built, in part at least, by the defendant. She had no notice to take it off. She should have had reasonable notice to remove it.

The relationship of landlord and tenant never existed here. There has been no acknowledgment of tenancy—no payment of rent—nothing to show such relation. A contract is necessary to create a tenancy. 2 *Greenl.* 242, *Little* vs. *Libbey*.

But if a tenancy did exist, it was either a tenancy at will, or at sufference, and in either case she was entitled to three months' notice to quit. She had remained in possession twenty-six years. Not having three months' notice, this proceeding is premature.

PARKER, C. J. The disclaimer of the respondent, in the action in favor of Moody, if regularly put in, is binding upon her, and she is estopped to set up any title against the complainant, who is privy in estate, unless it be one acquired subsequently. 4 *N. H. Rep.* 182, *Hamilton* vs. *Elliot.*

If she were duly summoned in that suit, which has not been denied, the appearance by an attorney of the court must be taken to have been regularly made, at least until the contrary is shown. 9 *Wheat. R.* 830, *Osborn* vs. *U. S. Bank;* 1 *Binn. R.* 214, *McCullock* vs. *Guetner.*

And it is said the court will not inquire whether the attorney had a good authority, if he be responsible, but leaves

the party to his action against him.  *Com. Dig., Attorney, B.* 7 ; 1 *Salk.* 86, *Anon. ; 7 Pick. R.* 137, *Smith* vs. *Bowditch.*

But if the attorney be irresponsible, the court will set aside the judgment. 1 *Salk.* 88, *Anon.*  So, if there be fraud, or collusion.  Or the court may permit the defendant to come in and make a defence. 6 *Johns. R.* 296, *Denton* vs. *Noyes.*

If the respondent did not authorize an appearance, a default and judgment against her should have been entered, which would have had the same operation upon the title.

But the act of July 1, 1831, providing further remedies for landlords and tenants, is confined to those cases where there has been a tenancy, and is not to be applied to cases where the respondent holds adversely, and the relation of landlord and tenant has never existed.  The title of the act indicates this.  And the language in several places, in the act itself, shows that this is the true construction of it.

As it appears here that no tenancy had ever existed, on the part of the respondent, under the title set up by the complainant, this proceeding cannot be sustained, notwithstanding the disclaimer.

*Judgment for the respondent.*