By the Court,

Bronson, J.
Where an issue to the country is joined upon the assignment of error in fact, and a verdict is found for the plaintiff in error, he cannot enter an order and perfect a judgment of reversal as a matter of course. There should be a special application to the court for judgment on the coming in of the postea, or, as the practice now is, on showing the pleadings and verdict. (Rose v. Smith, 4 Cowen, 17. Brown v. Lerow, 2 id. 525. Ogburn v. Berrington, 1 Sir. 127. 2 Tidd, 1233, Phila. ed. 1828.) There should, also, be a special motion for judgment, where an issue in law upon the assignment of error in fact is determined in favor of the plaintiff in error. The same reason exists in both cases for asking the direction of the court.
Where the judgment of the court below is found to be erroneous, we direct what particular judgment shall be entered on the writ of error. It is in some cases simply a judgment of reversal: in other cases we go further, and render such judgment as the court below should have rendered. Sometimes a venire de nova, either in this court or the court below, is ordered; and sometimes restitution is awarded. When a new trial is ordered, the costs of the writ of error are in the discretion of the court; and on a reversal, the cause is sometimes retained in this court, and *394 sometimes it is remitted to the court below for further proceedings. On an assignment of error in law, the whole matter comes before us on the argument; and when the case is decided, we direct what particular judgment is to be entered. But it is not so when error in fact is assigned. If an issue to the country is taken on the assignment, and a verdict is found for the plaintiff in error, it only settles that the judgment must be reversed, and the matter must be brought to the notice of the court for the purpose of determining what further order should be made. If an issue in law is taken upon the assignment of error in fact, it is not usual, in the first ’ instance, to pass upon any thing more than the sufficiency of the pleadings in error. In the case now under consideration, we thought the defendant’s answer to the assignment of errors insufficient, and gave judgment for the plaintiffs in error on the demurrer. But we did not go beyond that, and determine what particular judgment should be entered in case the defendant should not avail himself of the leave which was given him to amend. That is a grave question, which the plaintiffs in error should not have undertaken to settle for themselves.
At an early day all orders were made by the court, and entered in its minutes. But in April term, 1796, a general regulation was adopted, by which common rules, or such as the party was entitled to as of course,„ and without showing special cause, were allowed to be entered with the clerk in a book to be provided for that purpose—since called the common-rulebook—and the entry was allowed to be made in vacation as well as in term time. But the regulation did not extend to rules in real actions, nor to rules in any other action or proceeding where the party was not entitled to the order as of course, and without showing special cause. Such orders must still be taken on special motion, and be entered in the minutes of the court. (See 1st rule of April term., 1796, and the present rule, No. 64, on the same subject.) An order to reverse a. judgment, unless it be where the defendant is in default for-not joining in error, does not belong to the class of common *395 rules. It is a matter about which the court is to exercise its judgment and discretion.
The plaintiff in error is not entitled to costs in the court below, unless, in addition to the reversal, a judgment is rendered in his favor. In other words, when the court below should have given judgment in his favor, but gave it to the other party, then on a writ of error the judgment will not only be reversed, but the proper judgment will be rendered; and costs follow as a matter of course. In Gildart v. Gladstone, (12 East, 668,) the common pleas gave judgment for the plaintiff on a special verdict. That judgment was reversed in the K. B. an"d judgment was rendered for the defendant on the special verdict, with costs in the court below. The K. B. gave such judgment as the court below should have given, and that carried costs. So, if an erroneous judgment be given against a defendant on demurrer, it will not only be reversed, but judgment will be rendered for the defendant on the demurrer, and costs in the court below will follow of course. I speak of a case where the judgment rendered is final. If liberty be given to amend, or if in any other form the original action is still to go on, there the costs of the court below must, I think, depend on the final issue of the cause.
In this case, there is nothing but a simple reversal, without any further judgment in favor of the plaintiffs in error. They were entitled to nothing more; and I see no principle upon which they can be allowed the costs in the court below. There must be a re-taxation, restricted to such costs as have accrued on the writ of error.
It remains to be considered, whether some order should not be made beyond a reversal of the judgment. We have seen very often of late years that the privilege of infancy- is most grievously abused. It is quite evident in this case that the plaintiff, Gosling, or some one else in his name, has made use of his privilege as a minor, and the forms of law, to practice a gross imposition upon the defendant. He has taken property out of the defendant’s hands, to which, so far as we can judge from the result, he *396 had no title; and after taking the chance of a recovery in the replevin suit, he comes here and reverses the judgment on the ground that he lacked three months of being a man when the writ was sued out, although he had attained his majority long before the trial of the cause. It is á reproach to the law that such conduct should not only go unpunished, but should be entitled to a reward. The defendant had no ground for suspecting the trick. The plaintiff was not only married, but he was just upon the eve of manhood, so far as years are concerned; and besides, if he was an infant, it was his duty, and the duty of his legal advisers, to have a next friend appointed to prosecute the suit before the process was sued out. (2 R. S. 446, § 2.) Still, in the present state of the law, we have no alternative but to reverse the judgment, and reward the plaintiff with costs of the writ of error. (2 R. S. 618, § 31.) And I do not see that we can make any order for the relief of the defendant. If it was a case for a venire de nova, costs might either be denied, or be made to abide the event of the suit. But a new trial would not get rid of the difficulty. The error is, that the first appearance was by attorney, and that error will be just as fatal after a second trial as it was after the first. In Dewitt v. Post, (11 John. Rep. 460,) an infant defendant appeared and pleaded by attorney, and after the judgment had been reversed for that error, the defendant was ordered to plead de nova. The same course was pursued in Arnold v. Sandford, (15 John. Rep. 534.) In those cases the defendant had probably attained his majority at the time the order was made, and then a plea by attorney would be good. But if still under age, he might be compelled to appear by guardian. But here the difficulty reaches back to the very first step— the suing out of process without a next friend was irregular ; and we are so trammelled by legislation, that I do not see how we can compel the plaintiff to appoint a next friend as of the time when the pro'cess issued. (2 R. S. 446, § 2—7.) Until that is done, whatever course the *397 suit takes, the objection will still remain that an infant plaintiff has appeared by attorney.
On the whole, I do not see that we can do any thing to relieve the defendant from the effect of a simple reversal of" the judgment. He may, perhaps, bring trover or replevin to recover the property which has been improperly taken out of his hands ;(a) or he may have a remedy on the replevin bond, on the ground that the plaintiffs have not “ prosecuted the suit to effect.” (2 R. S. 523, § 7.) But it is not proper at this time to pass upon those questions.
Although the judgment was irregularly entered, yet as it is such an one as we should have been obliged to order on motion for that purpose, it may be allowed, to stand on terms. The plaintiffs must pay the costs of this motion, which we allow at twenty dollars—the highest sum mentioned in the rule relating to costs on special motion; and there must be a re-taxation of costs on the writ of error, excluding all costs in the court below. The difference between the amount which shall be allowed on such re-taxation and the amount mentioned in the judgment, with the addition of $20 for the costs of this motion, must be allowed to the defendant towards the satisfaction of the judgment.
Ordered accordingly.

 See Merritt v. Lumbert, (8 Greenl. Rep. 128 ;) Webber’s ex’rs v. Underhill, (19 Wend. 447, 455.)