Thompson *v.* Valarino.

---

## Thompson vs. Valarino.

Where there is a judgment against several as joint debtors, those not brought into court are nevertheless proper parties to join in a writ of error to review the judgment.

And where the judgment was against two, and the one who had been served with process brought error alone, the other having refused to join, *held*, on a motion by the defendant in error to quash the writ, that a rule must be entered requiring the other party to join, and that proceedings be stayed, pursuant to 2 *R. S.* 593, §§ 9, 10.

Where one of several defendants prosecutes a writ of error alone, the other defendants are competent sureties for the plaintiff in error.

A writ of error to the common pleas or superior court of New-York, need not be allowed by the court, though the error for which it is brought is one of fact.

But a writ of error *coram nobis* must be allowed by the court. *Per* Jewett, J.

Motion to quash a writ of error, issued to the superior court of the city of New-York. Valarino obtained judgment in the court below against Thompson and Mann, in assumpsit. Mann was not served with process, and did not appear, and judgment

was entered against both, pursuant to the statute relating to joint. debtors. Thompson sued out the writ of error in his own name, (though Mann was living. in. this state and capable of consenting to join,) and gave a bond executed by himself as principal and Mann and another person as sureties. It was proved that Mann had refused to join in the writ. Thompson assigned for error that he was consul for the republic of Ecuador, for the port of New-York, and not liable to be sued in the courts of this state. The motion was made at the first term after the writ was returned.

*F. Griffin,* for the defendant in error, insisted 1. That one of two defendants could not maintain a writ of error; 2. That Mann being a defendant, there ought to have been two other sureties; 3. That the writ could not issue without the leave of the court.

*Emerson & Prichard,* for the plaintiff in error.

*By the Court,* JEWETT, J. A writ of error can only be brought on a final judgment; but where such a judgment has been rendered, any one who is a party or is privy to the record and who is prejudiced by the judgment and may therefore be benefitted by its reversal, may bring error. (2 *Saund.* 46, *a. note* (6); *Id.* 101, *note* (1); *Bac. Ab. Error, B ; Dale* v. *Roosevelt,* 8 *Cowen,* 333.)

The judgment in this case is in form against both defendants; and their joint personal property may be taken for its satisfaction. (2 *R. S.* 377, § 1, *and seq.*) In *Mason* v. *Denison,* (11 *Wend.* 612, *S. C. in error,* 15 *id.* 64,) two defendants against whom judgment had been obtained as joint debtors upon service of process upon one, joined in a writ of error *coram nobis,* and upon judgment of affirmance here, they brought error to the court for the correction of errors, no objection being made that the one not served with process was improperly joined in the suit. I do not see but that the party not served is sufficiently affected by the judgment to enable him to bring error thereon

Two sureties are required in a bond given on suing out a writ of error, (2 *R. S.* 595, § 26,) and it is objected that Mann being one of the defendants in the judgment, is to be regarded as a principal. The writ is however prosecuted thus far by Thompson alone. Should Mann hereafter become a party, the bond might then be insufficient. At present it is regular.

Again, it is said that because error in fact is assigned the writ ought to have been allowed by the court. A writ of error *coram nobis* lies in this court, to review its own judgment for an error in a matter of fact, (11 *John.* 460; 14 *id.* 417; 20 *id.* 22;) and such writ must be allowed by the court; but a judgment of the common pleas or the superior court may also be reviewed here for an error in fact, and the writ in such a case need not be allowed by the court, but may be issued like other writs of error to these courts. (2 *R. S.* 595, § 25.)

This is a case within the provisions of 2 *R. S.* 593, §§ 9, 10, and a rule must be entered directing Mann to appear in this court on the first day of the next special term and join in the writ of error or be forever precluded from bringing another writ of error, on the judgment. Proceedings in the meantime are to be stayed.

Ordered accordingly.