## BECKLEY & a. v. NEWCOMB & a.

Two tenants were sued jointly in a writ of entry, and judgment rendered against them both, on their default without appearance. One of the defendants was an infant, and no guardian was appointed for him. *Held,* that the judgment must be reversed for·the infancy of one of the defendants :

That the court above could render no judgment against the other defendant.

A regular attorney of the court is presumed to have authority to make an appearance, till the contrary is shewn; and cannot be called on to produce his authority, without previous notice.

WRIT OF ERROR. The original action was a writ of entry, in which the demandants counted on their own seizin in fee and in mortgage, and on a joint disseizin by the tenant. At the March term of the common pleas, in 1849, the demandants recovered judgment against both the tenants, on their default without appearance. The error assigned was the infancy of Hamilton, one

of the defendants in the original action. After plea to the writ of error, it appeared on the hearing, that Hamilton was an infant when the judgment was rendered, and no guardian was appointed for him.

The defendants in error, without previous notice, called on the attorney for the plaintiffs, who was on the roll and in regular practice, to produce his authority from Hamilton to prosecute the writ of error. They also moved this court, in case the judgment should be reversed, to render for them here, the judgment which the court below ought to have rendered.

*Cushing,* for the plaintiffs.

*J. Parker,* for the defendants.

Perley, J. An appearance by an attorney of the court where the cause is pending, is presumed to have been regularly made, and with due authority, until the contrary is shewn. *Leavitt* v. *Wallace,* 12 N. H. Rep. 489; *Penobscot Boom* v. *Lamson,* 4 Shepley 202; *Bridgton* v. *Bennet,* 10 Shepley 420. Nothing appears in this case to rebut the presumption. Besides, the application could not be entertained without notice, especially after plea pleaded. *Knowlton* v. *Plantation No. 4,* 2 Shepley 24. It is quite clear on the authorities, that this judgment must be reversed, which brings us to the defendants' motion that the judgment should be rendered for them here that ought to have been rendered in the common pleas.

Where it appears on error that the judgment ought to be reversed, but that the defendant in error was entitled to a different judgment in the court below, the court above, after reversing the erroneous judgment, may render the judgment which ought to have been rendered in the court below. Thus, on error to reverse a judgment recovered against several defendants in trespass or trover, if it should appear that judgment ought not to have been rendered against one of the defendants, it must be reversed; but the court may render judgment against

the other defendants, because the action being to recover damages for the joint wrong of the defendants, each of them would be answerable in law for the whole damage, and on the discharge of one defendant the court below should have rendered judgment for the whole damage against the others. The same rule applies where in an action on a contract it appears on error that one of the defendants has a personal defence which leaves the other defendants liable *in solido* for the whole debt or damage.

The question here is, whether, on the facts which appear in this case, the plaintiffs below would have been entitled to any judgment against Beckley after the discharge of Hamilton.

The demandants in the original action counted on their own seizin, and a joint disseizin by the tenants. According to this claim and charge, the tenants were jointly seized of the demanded premises by disseizin; and this must be taken to have been established as to the adult defendant by the judgment against him on his default. At common law, if the tenant were sued alone in a writ of entry, it was a good plea that he was not sole seized, but seized jointly with another. Jackson on Real Actions 71. Where the tenant was sued alone, the charge was that he was sole seized by disseizin, and the demand was that he should restore the seizin and possession of the whole land to the demandant. But if he were seized jointly with another, the charge in the demandant's count would not be true, and the tenant could not render possession of the land according to a judgment that should follow the count. Joint tenants are seized *per my et per tout*, and neither can legally deliver sole seizin to another, nor be chargeable for the sole seizin in a writ of entry.

In this respect joint tenants in a writ of entry differ essentially from defendants who are sued together in trespass or trover, or in an action on a joint contract, for each defendant who is charged for a joint trespass, or joint conversion, or on a joint contract, is liable for the whole debt or damage; and if it appear that one of the defendants is entitled to be discharged, the other defendants are still liable for the whole debt or damage, and

judgment should be rendered against them accordingly. But in a writ of entry the tenant can in no case be charged for more of the demanded premises than he has in his seizin and possession. The object of the suit is not to recover compensation for an injury, or the amount of a debt, but to regain possession of the demandant's land, of which he has been unlawfully dispossessed, and the recovery can be had only against those who have the seizin and possession.

Our statute, chap. 186, § 12, provides that "in real actions the writ shall not abate because all the tenants are not named in the writ; but those on whom the writ is served shall answer for such part of the demanded premises as they claim, and may disclaim for the residue." If we should follow the construction which has been given to a similar statute in Massachusetts, and hold that this provision extends to the case of a joint tenant who holds part of the title in the demanded premises, and is sued alone for the whole, still the present case would not fall within the statute; for this is not a case where one of the joint tenants has been omitted in the suit. Hamilton, the infant defendant, was sued and duly served with process; and his infancy was no defence to the action. The other defendant does not shew by disclaimer what part of the demanded premises he claims, and was not called on to do it. He was not sued alone, but properly sued with the other joint tenant. His default admits that he and Hamilton were joint disseizors; but it does not admit that he was sole seized and answerable for the whole of the premises demanded; nor does the case shew by plea and disclaimer, or in any other way, for what undivided share of the land Beckley was accountable. The case clearly is not within the statute, and no judgment could have been rendered in the common pleas on the state of facts which appears here. If Hamilton had not been joined in the suit, the defendant, Beckley, might have been required in answer for the whole of the demanded premises, or to shew what part or share he claimed, and disclaim as to the residue. But Hamilton was properly joined in the suit and the case is not within the statute.

Beckley *v.* Newcomb.

The action being properly brought against Hamilton, his infancy was no defence; and if a guardian had been appointed the cause would have proceeded against both the defendants. In cases like this the plaintiff in the original suit, after the erroneous judgment which he had recovered has been reversed, has sometimes been allowed to revive the proceedings, by summoning in the infant defendant anew, and procuring the appointment of a guardian. *De Witt* v. *Post*, 11 Johns. 460, 514; *Barker* v. *Graves*, 17 Vermont 290. Whether this could be done in our practice is not a question which arises on this case.

The judgment must be reversed, and the motion to render a judgment in this court for the defendants in error must be denied.