## HOWARD *v.* STATE.

Opinion delivered November 25, 1893.

*Error* coram nobis—*Newly discovered evidence.*

A writ of error *coram nobis* does not lie on behalf of one convicted of murder, after the time for obtaining a new trial has expired, on the ground of newly discovered evidence proving that another person committed the crime.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*B. W. Johnson* and *T. J. Gaughan* for appellant.

The writ of error *coram nobis* was properly issued. 35 Ark. 520. The court erred in submitting the cause to a jury. Mansf. Dig. sec. 2297, clause 6. The writ of error *coram nobis* is only a motion for a new trial after sentence and judgment, and the court should have granted a new trial, after granting the writ, without

further proceedings. Motions for new trial are in the sound discretion of the court. Why not the writ of error *coram nobis?* 41 Ark. 229.

*James P. Clarke,* Attorney General, for appellee.

No ground for a writ of error *coram nobis* was shown, and the court should have sustained the demurrer to the assignment of error. Stephen, Pl. (Tyler), 142; Tidd's Pr. 1136-7; 7 Am. & Eng. Enc. Law, 810; Black, Judg. sec. 300; Freeman, Judg. sec. 94; 35 Ark. 530; 9 *ib.* 185; T. Raymond, 231; 1 Levinz, 294; 3 Dowl. 70; 2 Rolle, 53; 1 Swan (Tenn.), 341; 17 Miss. (9 Sm. & M.) 362; 42 Miss. 315; 2 Rand. (Va.) 174; 18 Md. 130; 3 *id* 333; 34 Am. Dec. 396; 1 Watts & S. (Pa.) 438; 1 Brown (Pa.), 75; 11 Johns. (N. Y.) 460; 16 Wend. (N. Y.) 48; 8 Jones (N. C.), 393. It cannot reach to facts submitted to a jury, or found by a referee, or by the court sitting to try issues. 104 U. S. 416; 12 Gratt. 55; 9 G. & J. 437. See also 47 Tex. 235.

FLETCHER, Special Judge. At the November term, 1892, of the Ouachita circuit court, Henry Howard was convicted of murder in the first degree, and sentenced to be hanged. After the term had expired, he applied to the judge of that court for a writ of error *coram nobis.* The judge, upon examination of the petition and accompanying affidavits, granted the writ returnable at the next term of the court, and suspended execution of the sentence until the writ could be heard.

Howard assigned as error of fact, for which the judgment should be set aside, that, since the November term had expired, he had learned and can prove that Ed Lindsey and Tom Heiner were the murderers of Joel Jones, the party killed, and that he was innocent of the charge upon which he had been convicted; that this evidence was unknown to him at the time of his trial and

conviction, and that he can prove the facts by the parties whom he named as witnesses.

The State filed a demurrer to the assignment of error, which was overruled by the court. A response was then filed denying the allegations in the assignment of error. The issue thus formed was submitted to a jury, which returned a verdict for the State, upon which the former judgment was affirmed, and Howard appealed to this court.

The writ of error *coram nobis* is now but little in use. In practice the same end is usually accomplished by motion. The office of the writ is to correct an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court in which the judgment was rendered and where the record is, when the error assigned is not for any fault of the court; those errors which precede the judgment—as error in the process, or through default of the clerk; where an infant appears by attorney, and not by guardian; where the defendant was insane at the time of the trial, or died before judgment. And this writ has been sustained where the defendant was induced to plead guilty to a charge of felony through fear and by reason of the threats of a mob.

But it will not lie to contradict or put in issue any fact that has been already adjudicated in the action. An issue of fact wrongly decided is not error, in that technical sense to which the writ refers. If the error lie in the judgment itself, it must be corrected by appeal or writ of error to a superior court. Stephens on Pleading, 142; Tidd's Prac. 1136, 1137; 6 Am. & Eng. Enc. Law, 810; Black on Judgments, sec. 300; Freeman on Judgments, sec. 94; *Pickett's Heirs* v. *Legerwood*, 7 Pet. 147; *Bronson* v. *Schulten*, 104 U. S. 416; *Adler* v. *State*, 35 Ark. 530; *Crawford* v. *Williams*, 1 Swan (Tenn.), 341; *Williams* v. *Edwards*, 12 Ired. (34 N. C.)

118 ; *Richardson* v. *Jones*, 12 Grat. 53, 56 ; *Sanders* v. *State*, 85 Ind. 318 ; S. C. 44 Am. Rep. 29 ; *State* v. *Calhoun*, 50 Kas. 523 ; S. C. 18 L. R. A. 838 ; *Fellows* v. *Griffin*, 17 Miss. (9 Sm. & M.) 362 ; *Miss. etc., Railroad Co.* v. *Wynne*, 42 Miss. 315 ; *Cole* v. *Pennell*, 2 Rand. (Va.) 174 ; *Kemp* v. *Cook*, 18 Md. 130 ; *Hirsh* v. *Weisberger*, 44 Mo. App. 506 ; *Bigham* v. *Brewer*, 4 Sneed, 432 ; *Bridendolph* v. *Zellers*, 3 Md. 333 ; *Tyler* v. *Morris*, 34 Am. Dec. 395 ; *DeWitt* v. *Post*, 11 Johns. 460 ; *Camp* v. *Bennett*, 16 Wend. 48 ; *Roughton* v. *Brown*, 8 Jones (N. C.), 393 ; *Hillman* v. *Chester*, 12 Heisk. 34 ; *Holford* v. *Alexander*, 46 Am. Dec. 253 ; *Hawkins* v. *Bowie*, 9 G. & J. (Md.) 437 ; *Milam County* v. *Robertson*, 47 Tex. 235 ; Baylies on New Trials and Appeals, 440.

The allegation in this case is that the court erred in finding a fact against the plaintiff in error on which issue was joined on his plea of not guilty, contrary to the truth ; and it may be that even that was not because the finding was not right according to the proof then before the court, but by reason simply that he can now produce evidence sufficient, as he supposes, to establish the fact as then alleged by him. While nominally the issue attempted to be made on the assignment of error is that others committed the crime, it is in fact an effort to re-examine the same issue joined upon the plea of not guilty. It is in reality an attempt in this way to get a new trial after the term has expired, on the ground of newly discovered evidence.

The statute (Mansfield's Digest, sec. 3909, 5155) provides for a new trial in civil cases after the term has expired on the ground of newly discovered evidence, but no such provision is made in reference to criminal cases (Mansfield's Dig. sec. 2295, 2296, 2297), and none was allowed at common law. 1 Graham & Waterman on New Trials, 504, 507 ; 2 *id.* 72, 77 ; *Sanders* v. *State*, 85 Ind. 318 ; 44 Am. Rep. 33.

If appellant has been wrongfully convicted, his only remedy is by petition to the governor for pardon.

There was no ground for the writ, nothing upon which an issue proper to be submitted to a jury could have been formed. The demurrer should have been sustained to the assignment of error ; but the verdict of the jury produced the same result, and we affirm the judgment.