Linton *v*. State.

Opinion delivered June 11, 1904.

1. Insanity at Trial—Error Coram Nobis.—Where, after conviction, defendant moved to stay sentence, and to quash the proceedings had against him for the reason that he was insane at the time of the trial, the motion should have been treated as an application for the writ of error coram nobis, and inquiry should have been instituted to determine the question of defendant's sanity at the time of the trial. (Page 533.)

2. Appeal—Final Judgment.—An order denying a motion to set aside a conviction on the ground that defendant was insane at the time of trial is final and appealable. (Page 534.)

Appeal from Pope Circuit Court.

William L. Moose, Judge.

Reversed.

STATEMENT BY THE COURT.

Appellant was tried and convicted of the crime of murder in the second degree on the charge of having murdered his wife. His defense was insanity. The jury returned a verdict fixing his punishment at twenty-one years in the penitentiary. Before he was sentenced, his counsel filed a motion to stay sentence because of defendant's then present insane condition, and also to quash the proceedings had against him for the reason that he was insane at the time of trial. The court stayed sentence for one week, and appointed a board of five physicians to investigate and report as to the mental condition of the defendant. They reported unanimously under oath that defendant was insane. Thereupon counsel for defendant filed an additional motion, praying that the proceedings had at the trial be set aside and held void because of the insane condition of defendant at the time of trial. The court overruled this motion, and defendant saved his exceptions and appealed.

*Bullock & Davis,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

WOOD, J. (after stating the facts). This court held in *Adler* v. *State,* 35 Ark. 517, that a circuit court judge has power after the expiration of a term to issue the writ of error coram nobis to reverse a judgment of conviction in a criminal case, where it appears that the defendant was insane at the time of the trial, and the fact was not made known at the trial.

In *Howard* v. *State,* 58 Ark. 229, the office of the writ of coram nobis is said to be "to correct an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court in which the judgment was rendered, and where the record is, when the error assigned is not for any fault of the court; * * * as where the defendant was insane at the time of the trial."

The formal writ of coram nobis is almost obsolete, but the same purpose is attained by motion. The defendant's motion praying that the proceedings had at the trial of defendant be set aside and held void because of the defendant's condition at the time of the trial should have been treated by the court as an

application for this writ, and the court should have instituted inquiry to determine the truth of the fact suggested by the motion, and the refusal of the court to grant this motion was a final order from which an appeal will lie. In *Helm* v. *State,* 69 Ark. 167, the appellant had been convicted of forgery, and when brought before the court for sentence he claimed to be insane. The court had a jury impaneled to determine the question, and, upon the jury finding that the defendant was insane, the court ordered that the defendant be confined in the lunatic asylum until discharged therefrom as well, and that he then be confined in the jail of Independence county until in the opinion of the court he is sane, when judgment will be pronounced against him. The state appealed from this, and we treated it as a final judgment, from which an appeal would lie. Here the refusal of the court to grant appellant's motion was tantamount to a determination by the court that the appellant was sane at the time of the trial, and leaves the verdict of the jury in force against him. If the appellant should become sane in the future, and should be brought up for sentence on the verdict, and should renew his motion to quash the proceedings and set aside the verdict because of insanity at the time of the trial, he might be met by the plea of *res judicata.* The order of the court on the motion leaves the verdict of the jury in force so far as the question of sanity at the time of the trial is concerned, and determined the right of appellant on that issue.

The judgment is reversed, and the cause is remanded, with directions to the circuit court to have submitted to the jury, if desired by appellant, the question as to whether or not he was insane at the time of the trial.