JOHNSON v. STATE.

Opinion delivered January 2, 1911.

1. JURY—IRREGULARITY IN SELECTION—PREJUDICE.—One convicted of a capital offense cannot complain because the trial court caused the jury to be selected from a list containing 12 jurors of the regular panel and 12 others summoned from the bystanders if he failed to exhaust his permptory challenges in the selection of the jury. (Page 132.)

2. CRIMINAL LAW—INSANITY AS DEFENSE.—Though one accused of murder pleaded his insanity at the time of the killing, and was found guilty, and his conviction was affirmed on appeal, the circuit court may, even after expiration of the term, try the issue whether he was insane at the time of the trial or subsequently. (Page 133.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*W. S. Chastain,* for appellant.

The statute providing for a drawn jury in felony cases is mandatory, and the denial of that right in this case was reversible error. Appellant was entitled to select from or exhaust the whole panel of 24 jurors selected by the jury commissioners. Kirby's Dig. § § 4257, 4528; *Id.* § § 2347, 3448;; 12 Enc. of Pl. & Pr. 525; 39 L. R. A. 488; 50 Ark. 492; 9 Pac. 955; 67 Ark. 365.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

Twelve of the regular panel being engaged in another case, the court exercised a proper discretion in directing the panel

to be filled from bystanders. Moreover, since appellant exercised only six of his twenty challenges, he will not be heard now to complain. 50 Ark. 492; 93 Ark. 168; 91 Ark. 582.

McCulloch, C. J. Appellant, Mack Johnson, killed his wife, Queenie Johnson, on the streets of Fort Smith, June 10, 1910, by cutting her with a knife, and he was indicted for murder in the first degree, and on trial by a jury was convicted of that crime and sentenced to be hanged. He was unable to employ counsel, and the court appointed two attorneys, who conducted his defense.

There was no denial of the fact that he killed his wife. The deed was done in the presence of several witnesses. His wife had deserted him, and appellant had accused her of infidelity and repeatedly threatened to kill her. He approached her standing on a street corner in company with another woman, and the three got on a street car together. In a moment after they got off the car he began cutting her, inflicting several wounds, from which she died immediately. He then fell or threw himself to the ground and drank from a bottle of carbolic acid, which he had somewhere about his person.

Appellant testified in his own behalf, and stated that he remembered "slashing" at his wife, but could not remember whether he cut her or not—said he was heavily under the influence of morphine, which he had been taking all day. He testified further that his skull had been fractured twice, and that since then he had had "spells," and took morphine on the advice of a physician to "keep down the spells."

It appears that the only defense insisted on at the trial was that of insanity. The court instructed the jury correctly on all the degrees of homicide, and also on the law of insanity as a defense. No objections were made to any of the instructions, and no objection is made to any of them here by appellant's counsel. The evidence abundantly sustains the verdict, and we discover no error in the instructions of the court. No objections were made to the admission of testimony.

The only assignment of error is as to the selection of the jury. When the case was called for trial, twelve of the jurors of the regular panel of the petit jury were deliberating

on another case which had been submitted, and the court, over appellant's objection, directed that the trial proceed, and caused twelve jurors to be summoned from the bystanders to complete the panel, and the trial jury was drawn and selected from these and twelve other jurors of the regular panel. Appellant exercised only six of his peremptory challenges in the selection of the jury.

In *York* v. *State,* 91 Ark. 582, a felony case, where the trial court had, without sufficient legal grounds, excused five jurors from the regular panel, and caused bystanders to be summoned to take their places, the defendant accepted the jury without exhausting his challenges, and this court ruled that the error of the trial court was not prejudicial. Quoting from a previous decision, this court held that an accused has the right to the service of no particular juror, and that "when he has voluntarily taken his chance of acquittal at the hands of jurors whom he might have rejected, he must abide the issue." *Mabry* .v. *State,* 50 Ark. 492. We perceive no sound reason why the same rule should not prevail in capital cases.

In *Bowman* v. *State,* 93 Ark. 168, a capital case, the regular panel of jurors was exhausted after eleven jurors had been selected, and the court caused only one talesman to be summoned instead of two, as required by the statute. The court decided that the error was not prejudicial for the reason that the accused accepted the juror without exhausting his challenges.

After a careful examination of the record, we are of the opinion that there is no error, and that the judgment should be affirmed.

Appellant's counsel have informally suggested to us that, since the judgment of conviction was rendered, appellant has been pronounced insane by the county physician and removed from the jail to the county hospital. It is conceded by the Attorney General that this is true. That, however, does not affect the adjudication of this court affirming the judgment of the trial court where no error is found in the record of the trial. Appellant pleaded insanity as a defense to the crime, but no plea of present insanity was interposed at the trial, nor was there any suggestion of present insanity as a reason why judgment should not be pronounced on the verdict of the jury. There

is no provision in the statute for suspending proceedings in this court on account of appellant's insanity, though ample protection is provided in that respect in the lower court. The circuit judge has the power to issue the writ of error coram nobis to set aside a judgment of conviction when it appears that the defendant was insane at the time of the trial and the fact was not made known at the trial. *Adler* v. *State*, 35 Ark. 517; *Howard* v. *State*, 58 Ark. 229; *Linton* v. *State*, 72 Ark. 532.

The statute also provides that "when a defendant appears for judgment * * * he may show for cause against judgment * * * that he is insane," and that "if the court is of the opinion that there are reasonable grounds for believing that he is insane, the question of his insanity shall be determined by a jury of twelve qualified jurors, to be summoned and impaneled as directed by the court." Kirby's Digest, § 2240. If the insanity of the defendant be not brought to the attention of the court and inquired into before judgment is pronounced, the circuit judge may, after the expiration of the term, issue the writ of error coram nobis to set aside the judgment of conviction and suspend sentence in accordance with the statute above quoted.

The statute also provides another mode of inquiring into the insanity of a defendant after judgment. Kirby's Digest, § 2454.

A plea of insanity interposed as a defense to the crime charged in an indictment and a verdict of guilty do not bar a subsequent plea of insanity at the time of trial or at the time of sentence. *Ince* v. *State*, 77 Ark. 418. Nor does the judgment of affirmance here operate as a bar to any of the proceedings indicated above, as this court, in affirming the judgment, only passes on the proceedings of the trial court presented in the record.

The judgment is therefore affirmed.