## HYDRICK *v.* STATE.

### Opinion delivered June 3, 1912.

ERROR CORAM NOBIS—ISSUE OF INSANITY.—After expiration of the term at which a judgment of conviction was rendered, the court may, upon proper showing of insanity of the accused at the time of trial, which was not suggested at the trial, issue the writ of error *coram nobis* for the purpose of inquiring into that question; and the fact that the judgment had been affirmed by the Supreme Court does not preclude the trial court from issuing the writ.

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; reversed.

*Stuckey & Stuckey* and *Ira J. Mack,* for appellant.

The court had jurisdiction, and erred in dismissing the petition. 30 Ark. 518; 51 Pac. 691; 58 Ark. 618; 95 S. W. (Ark.) 998.

Upon the suggestion of the defendant's insanity and reasonable grounds for believing him to have been insane at the time of the trial, it was the duty of the court to impanel

a jury to inquire into his condition, 88 S. W. 818; 69 Ark. 167; 133 S. W. 598; 72 Ark. 531.

The fact that the judgment of the lower court rendered on the former trial was affirmed by this court on appeal, is no bar to this proceeding. 133 S. W. (Ark.) 598.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The Attorney General confesses error in that the petition states a cause of action not subject to demurrer. The fact that the former judgment was affirmed on appeal is immaterial. 97 Ark. 131-134; cases cited by appellant, and 77 Ark. 418.

McCulloch, C. J. Appellant was convicted in the circuit court of Jackson County of the crime of murder in the second degree, and appealed to this court, where the judgment was affirmed. 103 Ark. 4. At the next term of the Jackson Circuit Court appellant, by another person acting as his next friend, filed his petition for a writ of error *coram nobis* to inquire into the question of his sanity at the time of the trial, it being alleged in the petition that he was insane at the time of his trial, which fact was not suggested at the trial, and was unknown to the court and to appellant's attorneys. The petition was supported by the affidavit of the person appearing as next friend and also by the affidavit of each of appellant's attorneys and several other persons, which tended to show that appellant was in fact insane at the time of his trial, and that the petition was presented in good faith. The prosecuting attorney demurred, generally, on the ground that the petition failed to state facts sufficient to give the court jurisdiction and also on the ground, specially, that the judgment of the circuit court had been affirmed by the Supreme Court, which deprived the circuit court of further jurisdiction. The court sustained the demurrer and dismissed the petition, from which judgment an appeal has been duly prosecuted.

This court has repeatedly held that after the expiration of the term at which a judgment of conviction was rendered, the court may, upon proper showing of insanity of the accused at the time of the trial, which was not suggested at the trial, issue the writ of error *coram nobis* for the purpose of inquiring into that question, and to impanel a jury for that purpose.

*Adler* v. *State,* 35 Ark. 517; *Howard* v. *State,* 58 Ark. 229; *State* v. *Helm,* 69 Ark. 157; *Linton* v. *State,* 72 Ark. 532; *Ince* v. *State,* 77 Ark. 418. We held in *Johnson* v. *State,* 97 Ark. 131, that an affirmance by this court of a judgment of conviction did not preclude the trial court from issuing the writ for the purpose of inquiring into the question of sanity of the accused at the time of the trial.

The Attorney General has filed a confession of error, supported by the authorities enumerated above, and it is quite clear to us that his confession is correct, and should be sustained. The judgment is therefore reversed, and the cause remanded with directions to the circuit court to overrule the demurrer.