[S. F. No. 13499.   In Bank.—November 4, 1929.]

D. W. COZAD, Plaintiff and Respondent; GUY LeROY STEVICK, Assignee of Plaintiff, Respondent, v. RAISCH IMPROVEMENT COMPANY (a Corporation), Appellant.

A. B. Weiler and Herbert Choynski for Appellant.

Edwin H. Williams and Alfred C. Skaife for Respondent.

THE COURT.—A hearing was granted in this court after decision by the District Court of Appeal, in and for the Third Appellate District, for the purpose of giving further consideration to the respondent's contention that such hearing was necessary in order to secure uniformity of decision, and that the case of *Creditors' Adjustment Co.* v. *Newman*, 185 Cal. 509 [197 Pac. 334], upon the authority of which the appellant tribunal relied, is distinguishable from the case at bar.   Upon further consideration we are unable to perceive such distinction, and for that reason hereby approve and adopt the reasoning and conclusion of the appellate tribunal in its decision herein, which reads as follows:

"It may be gathered from the evidence in this case that the Fidelity and Deposit Company of Maryland 'executed a policy of employer's liability insurance on behalf of' the defendant, such liability not. to exceed $5,000 for injury to 'any one person on any one accident.' The plaintiff recovered judgment against the defendant for damages in the sum of $5,898.95 resulting from such an injury. The defendant appealed from the judgment and the Fidelity and Deposit Company of Maryland executed an undertaking to stay execution. The judgment was affirmed on appeal and in due time judgment was entered against the surety for the amount of the judgment against the defendant. The surety paid the judgment against it and caused the judgment against the defendant, to the extent of $898.95, to be assigned to Guy LeRoy Stevick, one of the respondents herein. Execution on the judgment against the defendant was thereupon issued in the sum of $898.95. On notice duly given the defendant moved the court 'to satisfy said judgment of record and to recall and quash said execution.' The Fidelity and Deposit Company of Maryland contested said motion and introduced evidence in opposition thereto. Thereafter the court made and entered the following order:

" 'This cause having been heretofore submitted on motion to recall and quash execution comes now the court and orders, that said motion be, and the same is hereby granted.'

"Thereafter Stevick, on due notice, moved the court for an order setting aside the order quashing the execution on the ground, among others, 'that said order was made through mistake, inadvertence, surprise and excusable neglect.' The other grounds of the motion went to the merits of the original motion to quash the execution. The court granted the motion to set aside the order quashing the execution and the defendant has appealed therefrom. At the hearing of the motion there was no showing of mistake, inadvertence, surprise or excusable neglect, but evidence was introduced tending to show that the court committed error in quashing the execution. No evidence was presented which was not or might not have been introduced at the hearing of the motion to quash. At that hearing, 'the question of plaintiff's right to an execution was clearly before the court on its merits, and conceding that the court may have committed error . . . in considering cer-

tain grounds of objection to the original order, which would have called for reversal on appeal, it had jurisdiction to act in the premises, and the judgment having become final, without appeal or other direct attack, it is conclusive, whether the matter was rightly or wrongly decided, as to all matters presented or which could have been presented on the hearing.' (*Creditors' Adjustment Co.* v. *Newman,* 185 Cal. 509, 513 [197 Pac. 334, 338].)  The case cited is conclusive against respondents and it is deemed unnecessary to pursue the subject further."

The order is reversed.