[Crim. No. 2732. Second Appellate District, Division One.—September 12, 1935.]

THE PEOPLE, Respondent, v. THOMAS VERNON, Appellant.

Harry Wolpin and Arthur E. Briggs for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

HOUSER, J.—With reference to the foundational facts herein, it appears that on December 13, 1929, in response to two separate charges of "wrecking a train" and of "robbery" contained in an indictment that had been returned against him, together with an allegation contained in said indictment that theretofore, on separate respective dates and at separate respective places, he had suffered a total of five convictions for the commission by him of different and various felonies, the defendant therein, Thomas Vernon, pleaded "guilty" to such charges, and at the same time admitted that he had suffered each of such five separate convictions; and that thereupon he was adjudged a habitual criminal and was sentenced to the state prison for the term prescribed by law. More than four and one-half years thereafter he caused to be presented to the trial court his

application for a "writ of error, *coram nobis*", and as ground therefor in substance alleged that his plea of "guilty" to said charges was induced solely by coercion and duress practiced upon him,—the alleged facts in that particular being in his application for said writ specifically set forth, and which application also included therein a copy of a "confession" said to have been made by a fellow prisoner of the defendant who also was serving a term of life imprisonment as a habitual criminal,—which "confession" was to the effect that said fellow prisoner, together with two other persons not including the defendant, were the individuals who had committed the crimes of which the defendant had pleaded "guilty". In addition thereto, as a part of and as grounds for granting the application presented by the defendant, affidavits by certain respective persons were attached to said application, which affidavits purported to set forth facts constituting "newly discovered evidence", which, had it been submitted to and believed to be true by a jury by which he might have been tried on said charges, might have resulted in a verdict of acquittal of the defendant. Because of an order made by the lower court by which said application was denied for asserted lack of jurisdiction, the instant appeal therefrom is prosecuted to this court.

Notwithstanding the limited reason assigned by the lower court for its denial of the application made by the defendant, in accordance with the ruling made by the Supreme Court of this state in the case of *People* v. *Reid,* 195 Cal. 249, 254 [232 Pac. 457, 36 A. L. R. 1435],—such denial on the grounds stated has no effect upon either the power or the province of this court on appeal from such order to determine the legal merits of the application.

It is apparent that the remedy which the applicant sought in the lower court was inclusive of, but withal comparatively but a very small part of a remedial relief which, in the early stage of the development of common-law procedure, was obtainable by means of a "writ of error, *coram nobis*";—the use of which was recognized and permitted solely because of the absence at that time of the right to move for a new trial and the right of appeal from the judgment. In that particular situation, the writ actually issued. Not that in appropriate circumstances such a *writ* may not now properly issue in this state (*People* v. *Superior Court,*

4 Cal. (2d) 136 [47 Pac. (2d) 724]; *Adler* v. *State*, 35 Ark. 517 [37 Am. Rep. 48]; *Sanders* v. *State*, 85 Ind. 318 [44 Am. Rep. 29]; *State* v. *Calhoun*, 50 Kan. 523 [32 Pac. 38, 34 Am. St. Rep. 141, 18 L. R. A. 838]; monographic note, 97 Am. St. Rep. 362, 372); but that the issuance of such a *writ*, as such, is unknown to the ordinary practice, is clearly indicated, if not attested, by a reference to the several cases in which a right to relief of the character of that here sought has been the subject of inquiry;—from all of which it is manifest that that which remains of the relief which ordinarily was available as part of the original common-law remedy of "writ of error, *coram nobis*" is made equally available, not necessarily, as formerly, by the issuance of the *writ*, but simply by the legal machinery attendant upon a motion to vacate the judgment. It therefore results that, although the relief sought be of the nature of that included within and formerly afforded by a writ of error, *coram nobis*, —because of its comparatively ancient origin and its correspondingly relatively recent disuse, the mystery and the magic which now apparently attach to such an appellation as applied to the proposed remedy are completely dispelled and obliterated by designating such remedy by the more simple and appropriate name of a motion to vacate the judgment. The practical result of such practice in effect and substance · demonstrates that the relief that may be administered by the one form of procedure is identical with that in the other. (Monographic note, 97 Am. St. Rep. 362; 2 R. C. L. 305. See, also, *People* v. *Mooney*, 178 Cal. 525 [174 Pac. 325]; *People* v. *Reid*, 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435]; and generally, 5 Ency. P. & P. 27 et seq.)

Following the presentation and subsequent hearing of a motion to vacate a judgment, it may be conceded that if it were established that a plea of "guilty" had been induced by means of force, coercion or duress exerted upon the person of a defendant in a criminal action, such a situation would furnish abundant reason for an order by which a former judgment rendered in pursuance of such a plea would be set aside and vacated. (*People* v. *Superior Court, supra; People* v. *Campos*, 3 Cal. (2d) 15 [43 Pac. (2d) 274]; *People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71]; *People* v. *Reid, supra; People* v. *Mooney, supra; In re Sargen*, 135 Cal. App. 402 [27 Pac. (2d) 407]; *People* v. *Perez*, 9 Cal. App. 265 [98

Pac. 870] ; *State* v. *Calhoun,* 50 Kan. 523 [32 Pac. 38, 34 Am. St. Rep. 131, 18 L. R. A. 838] ; *Wheeler* v. *State,* 158 Ind. 687 [63 N. E. 975] ; *Alexander* v. *State,* 20 Wyo. 241 [123 Pac. 68, Ann. Cas. 1915A, 1282] ; *Sanders* v. *State,* 85 Ind. 318 [44 Am. Rep. 29] ; *State* v. *Ray,* 111 Kan. 350 [207 Pac. 192] ; 12 Cyc. 789.)

But, although the facts alleged to exist in the instant matter would appear to be such as should squarely invoke the application of the principle thus announced, it is suggested that in consideration of the existence of unquestioned additional facts, the relief for which the defendant has prayed should be withheld. In brief, such facts are, firstly, that at all times since his plea of "guilty" was entered, with full personal knowledge on the part of defendant of the alleged facts and circumstances surrounding the making by him of such plea, without reasonable or any excuse offered or suggested in that behalf or connection, he has delayed and waited an unconscionable and unreasonable length of time, to wit, the space of more than four and one-half years without taking, or attempting in any manner to take, appropriate action in the premises, as far as such alleged facts were concerned; and secondly, that by the records of this court it affirmatively appears that on the eighth day of September, 1933, which was nearly four years after the date when he entered his said plea, on the alleged ground that the lower court "was without jurisdiction to render the particular judgment it did render", he presented to the said court his motion to vacate the judgment theretofore rendered against him; but that at that time and on that occasion he made no claim, nor did he then assert or allege in any form, any of the facts relating to "coercion or duress", upon which he herein relies as affording a reason for the granting of his present application for a writ of error, *coram nobis,* or, in substance and effect, the identical motion for an order by which the said judgment might be vacated.

As a matter of legal principle, the rule has been frequently announced that, in order that it may be effective and within the possibility of favorable action thereon, a motion to vacate a judgment must be made "within a reasonable time" after such judgment has been rendered; and in this state the concrete examples of what should be construed

as "a reasonable time" would seem to point to the conclusion that in the instant matter the delay has been so long that the prayer of the petitioner should not be granted. (18 Cal. Jur. 651, and authorities there cited.) And in proceedings of the nature of that here under consideration in jurisdictions other than this state, it likewise has been ruled that, in circumstances such as are here present, the petitioner is entitled to no relief. (*State* v. *Stanley,* 225 Mo. 525 [125 S. W. 475] ; *Alexander* v. *State,* 20 Wyo. 241 [123 Pac. 68, Ann. Cas. 1915A, 1282] ; *Hawie* v. *State,* 121 Miss. 197 [83 So. 158, 10 A. L. R. 105] ; *State* v. *Latshaw,* 291 Mo. 592, [237 S. W. 770] ; *Washington* v. *State,* 92 Fla. 740 [110 So. 259] ; monographic note, 97 Am. St. Rep. 362, 372; 5 Ency. P. & P. 29.)

That the identical rule should prevail in this state is clearly indicated in the following cases: *People* v. *Schwarz, supra; People* v. *Campos, supra; People* v. *Superior Court, supra; People* v. *Black,* 114 Cal. App. 468 [300 Pac. 43].

■ Assuming the correctness of the declaration hereinbefore made, to wit, that in legal effect, in the practice in this state a petition for a writ of error, *coram nobis,* is nothing more nor less than a motion to vacate a judgment,—from the records and files of this court it becomes evident that the ultimate relief for which the applicant prayed in his former motion to vacate the judgment that theretofore had been rendered against him was identical with the relief which he sought to obtain by the instant petition for a writ of error, *coram nobis,*—the only substantial difference between the two legal vehicles employed by the petitioner being that the set of facts set forth in his former motion differs from the allegation of facts that appears in the instant petition.

It is manifest that within the "motion to vacate the judgment" presented by the defendant, in addition to the ground therein set forth, he might have included as a second ground or reason why the judgment should have been vacated, the same ground of "coercion and duress" that he has assigned in the instant petition for the writ of error, *coram nobis.* With reference to such a situation, although the attention of this court has been directed to no authority wherein was involved as a decisive feature of a criminal appeal the propriety of permitting in effect the presentation to the trial

court of successive motions to vacate the judgment on grounds which, though differing one from the other or others, nevertheless were capable of being joined in the first of such motions,—on principle no differentiating reason or argument is apparent why the rule in a criminal case should differ from that applied in a civil action. In the latter class of litigation, with respect to the right of a party to a renewal of a motion, as is said in the case of *Ford* v. *Doyle,* 44 Cal. 635: "But this leave will rarely be given upon the ground that the moving party can produce additional evidence in support of his motion, unless it also appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented, by reason of the surprise or excusable neglect of the moving party."

In the case of *Cozad* v. *Raisch Imp. Co.,* 208 Cal. 496 [281 Pac. 1017], in effect it is held that on the hearing of a motion, the decision of the court with relation thereto is conclusive as to all matters of fact presented, *or which could have been presented,*—citing *Creditors' Adjustment Co.* v. *Newman,* 185 Cal. 509 [197 Pac. 334], wherein the same rule was announced. See, also, *Wheeler* v. *Eldred,* 137 Cal. 37 [69 Pac. 619]; *Mission Film Corp.* v. *Chadwick P. Corp.,* 207 Cal. 386 [278 Pac. 855]. However, as stated in 18 California Jurisprudence, page 660:

"While it has been said that leave to renew will rarely be granted unless it appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented by reason of surprise or excusable neglect, leave may, in the discretion of the court, be granted upon the same facts more fully stated."

And that principle of law is reiterated in the case of *People* v. *Brahm,* 103 Cal. App. 247 [284 Pac. 256], wherein the defendant therein had sought leave to withdraw a former plea of "guilty" and to vacate a judgment that had been rendered against her. In that case it was held that "discretion rested with the court to decide whether or not it would permit such renewal".

Not to be understood as attempting to indicate that any limitation should be placed upon the several and varied situations with reference to questions of fact, the presence of any one of which might justify the issuance of a writ of

error, *coram nobis*, but simply as an indication of different situations in which such a writ possibly or probably might issue, reference may be had to the case of *People* v. *Reid*, 195 Cal. 249, 259 [232 Pac. 457, 36 A. L. R. 1435], and the monographic note in 97 Am. St. Rep. 362, 371, wherein precedents are cited in which the question of the issuance of a writ of error, *coram nobis*, was involved in each of ten different classes of facts differing one from the other or the others.

Assuming the correctness of such decisions as far as they announce the applicability of the writ to a given state of facts, and herein, for the sake of illustrating the point, making some of them possibly applicable to the position occupied by the applicant herein, it becomes apparent that if no legal limitation be placed upon his asserted right, at his pleasure, to renew his motion to vacate the judgment, or to apply for a writ of error, *coram nobis*, based upon either facts theretofore stated in a former application, or to a motion theretofore presented by him for the ultimate purpose of vacating the judgment, or upon facts then known to him,—the final and really conclusive adjudication of the question of whether the judgment rendered against him should be vacated may never be determined. For example, failing in his present attempt to vacate the judgment, after the lapse of an additional four and one-half years (as exists in the facts of the instant application), the defendant might make his third application on the ground that he was insane at the time he pleaded "guilty", which fact was unknown to both the court and the defendant's counsel (*People* v. *Superior Court, supra; Hydrick* v. *State,* 104 Ark. 43 [148 S. W. 541]; *Linton* v. *State,* 72 Ark. 532 [81 S. W. 608]; *Withrow* v. *Smithson,* 37 W. Va. 757 [17 S. E. 316, 19 L. R. A. 762]; *Hawie* v. *State,* 121 Miss. 197 [83 So. 158, 10 A. L. R. 205]); and assumedly being unsuccessful in that particular effort, and following the result of a possibly unsuccessful appeal from the order denying such application, again and again, four and one-half additional years thence ensuing between each of such successive motions, he might present to the court a fourth, a fifth, a sixth (and *ad infinitum*) motions, each based on the ground that his plea of "guilty" was procured by "extrinsic fraud" (*People* v. *Superior Court, supra; People.* v. *Campos, supra; People* v. *Schwarz, supra; People* v. *Reid, supra; People* v. *Mooney, supra; In re Sargen,*

*supra; People* v. *Perez, supra; In re Ernst,* 179 Wis. 646 [192 N. W. 65, 30 A. L. R. 681]), which in its respective inducing facts might materially differ from any such facts theretofore set up in either or any of the preceding motions of the kind that had been made by the defendant, and of which facts at all times, presumptively or actually, he had full and complete knowledge.

 Reverting to the record herein, and especially to the alleged facts set forth in the petition, it is significant, but possibly only coincidental, that the presentation of the instant petition on the ground of alleged coercion and duress, under which it is alleged that the defendant labored, and which facts are declared to have been the direct cause of his plea of "guilty", should have occurred so closely following the "confession" of guilt of the crime of which the defendant pleaded "guilty", by a fellow prisoner of defendant who, like the defendant, was and now is serving a term of life imprisonment as a habitual criminal. But however that may be, it appears to be the law that in and of itself a confession of guilt by one other than the applicant for a writ of error, *coram nobis,* will not furnish a sufficient reason for the issuance of the writ (*Powers* v. *State,* 168 Miss. 541 [151 So. 730] ; *Howard* v. *State,* 58 Ark. 229 [24 S. W. 8]) ; and the authorities are unanimous in declaring that "newly discovered evidence" is likewise unavailing for that purpose.

From the foregoing it follows that in the instant matter, in consideration of the facts, the pronouncement of a rule by which the asserted right of the applicant herein to a writ of error, *coram nobis,* would be recognized and validated would be most disastrous in its results as far as order and system in the administration of justice are concerned.

It is ordered that the order from which the appeal is taken be and it is affirmed.

Conrey, P. J., and York, J., concurred.