BASS *v.* STATE.

Crim. 3970

Opinion delivered December 9, 1935.

*Otis Nixon* and *E. W. Brockman,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

McHANEY, J. Appellant, on May 26, 1930, was, upon his plea of guilty, convicted of murder in the first degree in the Benton Circuit Court and sentenced to life im-

prisonment in the State penitentiary, where he is now and has been since said date confined. On December 16, 1934, he filed in said court his petition for a writ of error *coram nobis,* in which he sought to set aside the judgment entered on his plea. The court, after hearing the testimony offered, dismissed his petition, and the case is here on appeal and certiorari.

Appellant first insists that the writ should have been granted because the Benton Circuit Court was without jurisdiction of the offense, since, as he says, the murder was committed in the State of Missouri, and the dead body was thereafter brought into Benton County, Arkansas; and, second, that he pleaded guilty through fear of mob violence, and because of duress and undue influence practiced upon him by his counsel, who refused to do anything for him unless a plea of guilty was entered in the Benton Circuit Court.

It is admitted by appellant that his guilt or innocence cannot be inquired into in this proceeding. As said by this court in *Howard* v. *State,* 58 Ark. 229, 24 S. W. 8: "The office of the writ is to correct an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court in which the judgment was rendered, and where the record is, when the error assigned is not for any fault of the court; those errors which precede the judgment—as error in the process, or through default of the clerk; where an infant appears by attorney, and not by guardian; where the defendant was insane at the time of the trial, or died before judgment. And this writ has been sustained where the defendant was induced to plead guilty to a charge of felony through fear and by reason of the threats of a mob.

"But it will not lie to contradict or put in issue any fact that has been already adjudicated in the action. An issue of fact wrongly decided is not error, in that technical sense to which the writ refers. If the error lie in the judgment itself, it must be corrected by appeal or writ of error to a superior court." Citing a great many cases.

In 16 C. J., p. 1327, the rule is also stated as follows: "The writ of error *coram nobis* does not lie to

correct an issue of fact which has been adjudicated, even though wrongly determined; nor for alleged false testimony at the trial; nor on the ground that a juror swore falsely as to his qualifications; nor for newly-discovered evidence. Further, it is not available when the facts complained of were known before the trial, and where advantage could have been taken of the alleged error at the trial. The writ will not lie to vacate a judgment because of defendant's inability to prepare the record on appeal within the statutory time." See also *State* v. *Hudspeth, post* p. 963.

Under these rules, it is difficult to see how the writ can afford appellant any relief. The court was a court of original and exclusive jurisdiction of the crime charged. The question of venue was one of proof. The fact, if it be a fact, that the crime was committed in the State of Missouri was known to appellant before the trial, and he could have taken advantage of it at the trial. The same thing is true in relation to his alleged fear of mob violence and the alleged coercion and undue influence of his attorneys. Moreover, the proof taken on his petition for the writ does not support his allegations. It is not alleged nor attempted to be proved that he could not get a fair trial in Benton County, nor that the people of that county were prejudiced against him, but only that some of his confederates in the commission of the murder had threatened him. His attorneys were men of high professional standing, and no doubt advised him to enter his plea of guilty in the best of faith, in order to save his life. The writ, in a proper case, will be issued to set aside a conviction on a plea of guilty forced by fear of mob violence. See footnote 93 to 16 C. J., page 1327, for the cases so holding. But see also *Alexander* v. *State,* 20 Wyo. 241, 123 P. 68, Ann. Cas., 1915 A., p. 1282, holding the petition for the writ was insufficient to show that the petitioner's plea of guilty was entered under a fear of mob violence based on reasonable grounds. The petition and proof in this case are both insufficient to show that his plea of guilt was based on a well-grounded fear of mob violence.

We find no error, and the judgment is accordingly affirmed.