## Commonwealth ex rel. v. Ashe, Warden

574

*Burton R. Laub*, assistant district attorney, for Commonwealth.

*Thomas Doyle*, for defendant.

HIRT, P. J., February 2, 1937.—Defendant was indicted September 15, 1936, for rape of a woman child under the age of 16 years. The following day counsel was appointed to defend him and he was immediately brought to trial; the jury returned a verdict of guilty. On September 21, 1936, he was sentenced to undergo imprisonment in the Western Penitentiary of Pennsylvania for an indefinite term of from 14 calendar months to 2 years and 4 calendar months.

In this proceeding a petition for a writ of coram nobis was filed by defendant, with the Commonwealth joining in the prayer of the petition. It alleges that the woman child involved had a bad reputation for chastity in the neighborhood in which she resided at the time of trial; that she was then infected with a venereal disease; that she consented to the act for which defendant was convicted; and it prays that the judgment of conviction be revoked. We ordered issuance of the writ, and on January 16, 1937, treated it as though issued and took testimony to determine the truth of the averments in the petition. There is no dispute as to the following facts disclosed at the hearing.

The chief prosecuting witness in this trial was also the chief witness against other defendants in five other cases of identical charges which had not yet been tried. She was also infected with a venereal disease; has since been declared a neglected child and is at present confined as a ward of the juvenile court in a Pittsburgh clinic. At the time of trial and the entry of judgment on the verdict, she bore a bad reputation for chastity in the neighborhood in which she lived and had made a practice to solicit, for a small fee, various sexual acts from the men in the neighborhood.

Most of these facts were matters of record but were not disclosed to the sentencing judge. No one individual was in complete possession of all of the facts at the time of trial. When the other cases in which the minor child was prosecutrix came under official scrutiny, an investigation was instituted by the assistant district attorney who testified at the hearing. This was the first time that all of the facts were within the knowledge of one person, and it was the result of that investigation that prompted the Commonwealth to join as a petitioner in this case.

The extraordinary remedy of error coram nobis is still available in Pennsylvania: Fisher v. Hestonville, Mantua & Fairmount Passenger Ry. Co., 185 Pa. 602; although for the most part, in practice, it has become almost obsolete, the more convenient remedy by motion having taken its place. At common law the remedy was used to correct errors of fact unknown at the time of trial to the party seeking relief and to the court. The office of the writ is to correct an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court in which the judgment was rendered and where the record is, when the error assigned is not for any fault of the court: Howard v. State, 58 Ark. 229, 24 S. W. 8. Properly speaking, this writ should be called coram vobis, for coram nobis proceedings at common law were in the King's Bench: See State of Kansas v. Calhoun, 50 Kan.

523, 32 Pac. 38. In Pennsylvania the powers of the Court of King's Bench in criminal cases are vested in the Supreme Court: Commonwealth v. Balph et al., 111 Pa. 365; but the name to be applied to the writ is unimportant. Had the sentencing judge been in full possession of the facts at the time of trial and the entry of judgment on the jury's verdict, defendant's conviction, in obedience to the proviso in the Act of May 19, 1887, P. L. 128, sec. 1, would not have been permitted to stand. Defendant was guilty of no negligence in not producing the evidence above mentioned; he was confined in jail and was without counsel until the time of trial, when the court appointed counsel for him. It is doubtful that all of the facts, such as the infection of the child with a venereal disease, could have been elicited by him had he suspected the truth. And where it clearly appears that the petitioner had a valid defense which, without negligence on his part, was not made because of excusable mistake, coram nobis will lie if the facts are such as, if known in season, would have prevented the rendition and entry of the judgment in question: Wheeler v. State, 158 Ind. 687, 63 N. E. 975.

At the expiration of the term at which it was entered, the common-law power to set aside a judgment regular on its face ends: King et al. v. Brooks et al., 72 Pa. 363. The further control of the court over judgments is equitable and originally was asserted by bill in chancery: Cochrane v. Eldridge, 49 Pa. 365; but the inference in Fisher v. Hestonville, Mantua & Fairmount Passenger Ry. Co., supra, is that the court which enters judgment still has jurisdiction over it by virtue of its equitable powers, and if the facts upon which it takes jurisdiction are entered upon the record such jurisdiction will not be questioned in proper cases. In the instant case, the term in which the judgment was entered has elapsed, but that fact is not fatal if the purpose of the proceeding is not to reëxamine and retry the issue tried and determined (that must be done within term time by rule for new trial) but to pro-

duce facts which not only would have prevented a conviction but clearly indicate a miscarriage of legal justice. In State of Kansas v. Calhoun, supra, not only had the term elapsed in which judgment was entered, but petitioner had served seven years of a 42-year sentence; and in In re Ernst, 179 Wis. 646, 192 N. W. 65, it was held that when a right to the remedy is established its application will not be prevented by the mere lapse of time. The reason for this ruling is obvious, for if the judgment were invalid in the first instance no valid sentence was ever pronounced or imposed and the matter remains in status quo as though no judgment had ever been entered.

We are, therefore, of the opinion that judgment in this case would never have been entered had the court been in full possession of the facts; that there was no negligence on the part of defendant, and his defense was not entered by reason of excusable mistake. Therefore, since these facts did not appear on the face of the record, defendant is entitled to the relief prayed for.

And now, to wit, February 2, 1937, the judgment on the verdict and the sentence of defendant thereon is revoked and annulled.