4-9787                                    248 S. W. 2d 377

Opinion delivered May 5, 1952.

*J. C. Cole,* for appellant.

*Ike Murry,* Attorney General and *George E. Lusk,* Assistant Attorney General, for appellee.

ROBINSON, J. This appeal is from an order of the Circuit Court sustaining a demurrer to a petition for a writ of error *coram nobis* and to vacate a judgment. Appellant had been given a three year suspended sentence in the penitentiary on a plea of guilty to an indictment which charged him with keeping and exhibiting a gaming device.

The petition alleges that appellant by reason of threats, coercion, fear and duress was forced and directed into entering a plea of guilty to the indictment; that appellant had previously entered a plea of guilty to six misdemeanor charges and was sentenced to a year on each charge, to run concurrently, the sentences being suspended, and in addition he was fined $1,000; that the alleged intimidation, etc., was brought about by the then Circuit Judge who is not the present judge, the petition having been filed a few days after the then judge went out of office; that the intimidation, coercion, fear and duress consisted of a direct threat to revoke the suspended sentences and to place the defendant in jail; that defendant received orders from the Judge not to discuss his case with W. H. Glover, his attorney, nor with any other attorney; that even under such alleged duress, appellant thought he was pleading guilty to another misdemeanor and that the sentence would be suspended and run concurrently with the previous sentences; that the indictment returned by the grand jury was amended by the Judge. Filed along with the petition, and as a part thereof, are the affidavits of W. H. Glover, attorney, and W. H. McClellan who was then prosecuting attorney, their statements in such affidavits tending to support the allegations in the petition.

The State filed a demurrer which the court sustained, the demurrer being as follows:

"(1) That the judgment sought to be set aside by the petition of the defendant, C. W. Hardwick for writ of error *coram nobis,* was obtained at a prior term of the Circuit Court of Hot Spring County, Arkansas, that this court by the expiration of said term has lost its jurisdiction. That the time for filing motion for new trial and for writ of error has expired.

"(2) That the court had no jurisdiction of the subject matter of this action."

The office of the writ of error *coram nobis* is to correct an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court in which the judgment was rendered. *Howard*

v. *State,* 58 Ark. 229, 24 S. W. 8; *Bass* v. *State,* 191 Ark. 860, 88 S. W. 2d 24; *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. 2d 858; 34 C. J. 390. In the Howard case this court said: "And this writ has been sustained where the defendant was induced to plead guilty to a charge of felony through fear and by reason of the threats of a mob." This statement of the court was quoted with approval in *Linton* v. *State,* 72 Ark. 532, 81 S. W. 608.

In the case of *Adler, et al.* v. *State,* 35 Ark. 517, it is said: "If the error of fact assigned on a writ of error *coram nobis* be disputed, an issue must be made up to be tried by a jury; the judgment on whose finding, if for plaintiff, is that the former judgment be recalled and revoked."

It is also held in the Adler case that it was within the power of the trial court to grant the writ of error *coram nobis* after the expiration of the term in which the judgment was rendered. This ruling was adhered to in *Johnson* v. *State,* 97 Ark. 131, 133 S. W. 596. *Hodges* v. *State,* 111 Ark. 22, 163 S. W. 506, is to the same effect.

In *Hydrick* v. *State,* 104 Ark. 43, 148 S. W. 541, the petition for a writ of *coram nobis* was filed alleging the insanity of the defendant at the time of the trial. The prosecuting attorney demurred, generally, on the ground that the petition failed to state facts sufficient to give the court jurisdiction and also on the ground, specifically, that the judgment of the circuit court had been affirmed by the supreme court which deprived the circuit court of further jurisdiction. The court sustained the demurrer and dismissed the petition, from which judgment an appeal was duly prosecuted. It was held: "This court has repeatedly held that after the expiration of the term at which a judgment of conviction was rendered, the court, may, upon proper showing of insanity of the accused at the time of the trial, which was not suggested at the trial, issue the writ of error *coram nobis* for the purpose of inquiring into that question, and to impanel a jury for that purpose."

An inquiry into the validity or regularity of the proceedings wherein one pleads guilty to a felony is the

proper office of the writ of error *coram nobis* as well as an inquiry into the sanity of one convicted.

In the case of *State* v. *Hudspeth,* 191 Ark. 963, 88 S. W. 2d 858, this court said: "If one is caused to enter a plea of guilty in a criminal case from fear or duress, he is entitled to the writ." It is generally true that the writ of error *coram nobis* does not lie where the facts alleged in the petition for the writ were known at the time of the trial, but in the Hudspeth case it was held that this rule would not apply where one entered a plea because of threatened violence, since he would have to know of such threats before he could be caused to plead guilty by reason thereof.

In the case at bar, when all the allegations in the petition for the writ and the affidavits made a part thereof are considered together, the pleading is good as against a demurrer. The State contends that most of the allegations in the petition are conclusions, and the allegations that the defendant was put in fear of having the suspended sentences revoked and be sentenced to six years in jail is of no weight because the record shows that the six one-year sentences had been ordered by the court to run concurrently. A layman is not likely to know what a trial court could or could not do, and it is alleged that the petitioner had been forbidden to consult with his attorney, Mr. Glover, or, in fact, any attorney. Furthermore, the petition and exhibits thereto allege that Mr. Glover was asked to stand with the defendant when he entered a plea of guilty although Mr. Glover did not know what it was all about and did not represent the defendant in the matter then before the court. The words in the indictment constituting the last part of the charge, "in violation of § 41-2001 of Rev. Statutes of Arkansas", were added by someone in writing with a pen. The other part of the charge is typewritten. The indictment was not signed by the prosecuting attorney nor any of his deputies. The petition alleges the trial judge made this alteration. The State contends that the amendment is immaterial because, by the use of the word "feloniously", the indictment charged the commission of a

felony. The Statutes of Arkansas provide that an indictment may be amended, § 43-1024, but an amendment, regardless of its materiality, is not authorized in the manner alleged here. Whether the allegations set out in the petition can ever be sustained is a matter that must be determined when the state has responded and the petition is heard on its merits.

The judgment is reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer.