LYNDALE "WIMPY WALKER *v.* STATE OF ARKANSAS

5626                                              471 S.W. 2d 536

Opinion delivered October 18, 1971

*Leonard C. Smead,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridg-forth,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Walker was convicted of burglary and grand larceny in a jury trial on September 9, 1970. He was then represented by employed counsel of his own choice. On November 6, 1970, Walker filed his handwritten petition for postconviction relief under Criminal Procedure Rule No. 1. The circuit judge denied this petition on the same date, without any evidentiary hearing, and filed detailed written findings of fact and conclusions of law. We find the requisite record support for the court's ruling as to four of the five grounds alleged by appellant. As to the remaining ground, we find that appellant should be granted an evidentiary hearing because of lack of support in the record for the findings by the trial judge.

Appellant's contention that a confession was illegally obtained from him by means of threats was an issue which was resolved against him during his trial, after a full hearing by the circuit judge in the absence of the jury. The judge's findings made then were sufficiently supported by evidence. Appellant asserted nothing in his petition on this ground that was not asserted during his trial.

Another ground was that evidence seized through an illegal search was admitted. There was evidence showing that the seizure was made after appellant's wife invited the officers into the house where she and appellant lived, and the search was conducted with her permission. This evidence was not denied, even though both appellant and his wife testified in the case. Such a search was not constitutionally unreasonable. *Asher* v. *City of Little Rock,*

248 Ark. 96, 449 S. W. 2d 933. It was probably for this reason that no objection was made to the introduction of this evidence. Furthermore, appellant testified in his own defense that he had possession of the seized articles by virtue of his purchase of them from one Jimmy Stinnett. Appellant is in no position to raise this question now.

Appellant's contention that excessive bail was demanded of him is little more than his bare conclusional statement. Standing alone, it is hardly a sufficient allegation to support a collateral attack on his sentence. A hearing on this point would not be justified.

The following findings by the circuit court relating to appellant's contention that he was not afforded a speedy trial and that the jury was handpicked clearly justify denial of a hearing on those points:

> The prisoner next seeks relief on a right to a speedy and public trial and that the jury was handpicked by the prosecuting attorney. The record reflects that there were present twenty-nine prospective jurors at the time the jury panel was sworn and having been called one at a time in numerical order, the record reflects that twelve jurors were selected. The State exercised one peremptory challenge and the defendant none. The prisoner cannot now complain of a jury for which he did not exercise any of his eight peremptory challenges.

> This prisoner was committed to the State Hospital immediately after being incarcerated, and upon the first setting of such case for trial the defendant had escaped from the jail and was later tried as early as the Court calendar would permit, and the defendant physically present.

The fifth point raised by appellant is rather vaguely stated in appellant's handwritten petition.[1] He alleges that he had been threatened with a long term in prison,

---

[1] We do not consider as a part of the present record appellant's response to written inquiries by his attorney appointed for this appeal. The inquiry was made some six months after entry of the court's order. In it appellant enlarges upon the allegations of his petition.

was in a "state of demented capacity" during his trial and incapable of deliberating soundly upon his acts. This statement is broad enough to encompass a contention that appellant was mentally incompetent at the time of trial, to the extent of inability to participate in his defense. We are unable to find support in the record for the trial court's finding on this point. In pertinent part, it is:

> On the same day that the jury returned the verdict of guilty as aforesaid, the prisoner in the presence of his attorney waived the time for being sentenced and requested the Court to sentence him at this time. Upon the Court sentencing the prisoner, the prisoner and his attorney plea-bargained with the prosecuting attorney and worked out pleas of guilty on some seven or eight other cases, heretofore enumerated, for which he entered pleas of guilty, and that such sentences ran concurrently with the sentence aforesaid, excepting one sentence of five years which ran consecutively, making a total sentence of fifteen years.

A motion for relief under Criminal Procedure Rule 1 can only be disposed of without a hearing when the motion, files and records of the case conclusively show that the prisoner is entitled to no relief. In this instance the circuit court's denial of the motion was based not only upon the judge's own observations and his evaluation of petitioner's actions but also upon matters which do not appear in the record before us. Unless we can say that the motion itself shows that petitioner was entitled to no relief, he is entitled to an evidentiary hearing on his petition. We cannot say that the fifth ground of the petition fails to state a ground for collateral attack on the sentence or that either the motion or the record discloses that petitioner is entitled to no relief.

Petitioner's allegations on this fifth ground, although ineptly stated, can only be construed to constitute a prayer for relief from the sentence imposed because of insanity at the time of the trial and sentencing. Apparently, he is also asserting that his lack of mental

capacity was attributable, at least in part, to duress by reason of having been threatened with a long prison sentence. Possibly, his allegation as to this threat should also be taken as an excuse for his condition not having been made an issue either at the time of trial or at the time of his sentencing. It does not appear from the record that petitioner's sanity either at the time of the offenses charged or at the time of trial or sentencing was in issue. The circuit judge noted that petitioner was committed to the state hospital when first incarcerated, but the record discloses neither an order of the court nor the result of the commitment.

Long before the adoption of Criminal Procedure Rule 1, attacks upon sentences after the expiration of the terms at which they were imposed have been permitted to afford relief whenever a defendant was insane at the time of his trial or sentence, if the fact was not then made known to the court. This was originally accomplished through the writ of error coram nobis. *Adler* v. *State,* 35 Ark. 517, 37 Am. R. 48; *Howard* v. *State,* 58 Ark. 229, 24 S. W. 8; *Linton* v. *State,* 72 Ark. 532, 81 S. W. 608; *Johnson* v. *State,* 97 Ark. 131, 133 S. W. 596; *Hodges* v. *State,* 111 Ark. 22, 163 S. W. 506; *Smith* v. *State,* 200 Ark. 767, 140 S. W. 2d 675. It was recognized in *Howard* and *Linton* that this writ had been rendered virtually obsolete through disuse, but that the same relief could be had on motion. Denial of such a motion without any hearing was held erroneous in *Hydrick* v. *State,* 104 Ark. 43, 148 S. W. 541.

Criminal Procedure Rule 1 was adopted, not only to afford postconviction relief where no established procedure existed, but to avoid technical niceties in existing procedures. Petitioner has clearly, though inartistically, stated a ground for relief under our rule which cannot be denied under subsection (C) of the rule.

The judgment on the petition is reversed and the case remanded for further proceedings not inconsistent with this opinion.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I disagree with the majority on the remand for an evidentiary hearing on petitioner's demented condition.

When we remember that the record shows that immediately after this man's arrest, he was sent to the State Hospital for a mental examination and returned for trial, we know from prior experience and the requirements of our laws that if the State Hospital had found other than that petitioner was without psychosis, the record would have shown such proceedings. Thus it appears to me that we are overtechnically overworking society by requiring it to hold a post conviction hearing to make a finding of fact that is evident from the beginning.

For this reason I respectfully dissent.