WILLIAM LEON WALLACE, JR. *v.* STATE OF ARKANSAS

5654                                                    473 S.W. 2d 184

Opinion delivered November 22, 1971

*Ernest Eudox Patterson,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This is an appeal from an order denying appellant's petition for a writ of error coram nobis. Appellant contends the writ should have been granted because (a) he was without counsel, (b) he was not intelligently capable of waiving his right to counsel, and (c) he was not intellectually capable of understanding the effects and consequences of his plea of guilty.

The official docket sheet shows that appellant was charged with forging a check and uttering the same; that he was sent to the State Hospital for observation and no psychosis was found; that he entered a plea of guilty in August 1954 and was sentenced to the penitentiary for a term of five years, sentence being suspended during good behaviour. The docket does not show that appellant was represented by an attorney at either arraignment or sentencing.

With regard to the petition for writ of error coram nobis it appears to have been mailed to the clerk of the circuit court and there received on August 9, 1971. Three days later the petition was by the court summarily denied. So far as the record reflects the appellant was not present in person or by counsel. No testimony was taken either for the State or the appellant.

On appeal the State urges us to sustain the denial of the writ on the ground that the imposition of a suspended sentence is not a final judgment and therefore no appeal lies. The fallacy of that argument is that this is not an appeal from the imposition of a suspended sentence; it is an appeal from the denial of the petition for writ of error coram nobis. Such judgment is appealable. *Martinez* v. *State,* 419 S. W. 2d 369 (Texas 1967); *Johns* v. *Warden,* 124 A. 2d 283 (Md. 1956); *Wilson* v. *State,* 155 So. 2d 611 (Ala. 1963); *People* v. *Girard, App.,* 93 Cal. Rptr. 676 (1971).

Appellant made a prima facie showing that he was not afforded benefit of counsel. That showing is established by the utter silence of the record in that regard. Nor is there any indication that he waived an offer of counsel. Then there is the allegation that appellant was not capable of understanding the consequences of a plea of guilty. In that regard it is significant that the trial judge committed the appellant for mental observation. We are not saying the silence of the record as to counsel and the suggestion of mental incapacity is conclusive on either point. What we are saying is that the state of the record which we have just described raises serious questions as to whether appellant was afforded all his constitutional rights. *Swagger v. State,* 227 Ark. 45, 296 S. W. 2d 204 (1956). The granting of the writ requested does no more than afford appellant a hearing on whether those rights were violated. That is one of the purposes served by the writ of error coram nobis. *Dement v. State,* 236 Ark. 851, 370 S. W. 2d 191 (1963).

We have also considered the question of whether appellant's proper remedy is under our Rule I. That rule is only for the benefit of a prisoner in custody under sentence of a circuit court. Therefore the only relief left to appellant is by petition for a writ of error coram nobis. Although rarely used, especially since the adoption of Rule I, the writ is still recognized in appropriate cases. See *Walker v. State,* 251 Ark. 182, 471 S. W. 2d 536 (1971). We would also point out that the denial of the writ without a hearing has been held erroneous. *Hydrick v. State,* 104 Ark. 43, 148 S. W. 541 (1912).

The trial court is directed to reinstate the petition and afford appellant a reasonable opportunity to be heard.

Reversed and remanded.

FOGLEMAN J., not participating.

HARRIS, C. J. and BYRD, J., dissent.