[No. 5932. Decided February 9, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v.
A. A. ARMSTRONG, *Appellant.*[1]

CRIMINAL LAW — ERROR CORAM NOBIS — PETITION — SUFFICIENCY.
An application for a writ of *coram nobis* is insufficient where the
writ is sought to set aside a conviction of murder because of the
commission of perjury of a juror upon his *voir dire,* not discovered
until after the decision of the case on appeal, where the petition was
not verified by the applicant, nor supported by affidavits; since the
qualifications of the juror had been adjudicated, and the writ cannot
be employed to set aside verdicts on account of perjury.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered June 6, 1905, upon the motion
of the state, dismissing a petition for a writ of error *coram
nobis* to set aside a judgment of conviction of the crime of
murder. Affirmed.

*W. H. Abel,* for appellant, cited: *Heasley v. Nichols,* 38
Wash. 485, 80 Pac. 769; *Thompson v. Sharp,* 17 Neb. 69,
22 N. W. 78; *Commonwealth v. McElhaney,* 111 Mass. 439;
*Oglesby v. Attrill,* 12 Fed. 227.

*E. E. Boner,* for respondent, contended, *inter alia,* that the
writ is not available in this state since there is a remedy by
appeal or motion for new trial. *Dobbs v. State,* 63 Kan.
321, 65 Pac. 658; *Collins v. State,* 66 Kan. 201, 71 Pac.
251, 97 Am. St. 361, 60 L. R. A. 572. It issues only upon
proper application. *Smith v. Kingsley,* 19 Wend. 620; *State
ex rel. Davis v. Superior Court,* 15 Wash. 339, 46 Pac. 399.
The record cannot be contradicted, or adjudicated issues of
fact corrected. *Holford v. Alexander,* 12 Ala. 280, 46 Am.
Dec. 253; *Collins v. State, supra,* 97 Am. St. 366, note; 5
.Ency. Plead. & Prac., 29, 34; *Wheeler v. State,* 158 Ind. 687,
63 N. E. 975; *Johns v. McLester* (137 Ala. 283, 34 South.

1Reported in 84 Pac. 584.

174), 97 Am. St. 27, 36, note. Relief from a conviction cannot be had upon the ground that proof can be made that another person committed the crime, or newly discovered evidence establishing innocence. *Howard v. State,* 58 Ark. 229; *Collins v. State, supra,* 97 Am. St. 368, note 5d; *Dobbs v. State,* 63 Kan. 321, 65 Pac. 658; *Bigham v. Brewer,* 4 Sneed 432.

Root, J.—The appellant was informed against in the trial court on a charge of murder in the first degree, and a verdict finding him guilty thereof returned. Motion for a new trial was made and denied, and judgment entered on the verdict. An appeal from the judgment was taken to this court, where an affirmance was had. Thereafter appellant filed in the superior court a petition for a writ *coram nobis,* alleging therein that one Robert Lowry, who was one of the members of the jury before whom appellant was tried, and who on his *voir dire* had stated that he was not acquainted with appellant, had never seen nor heard of him before, and had not formed nor expressed any opinion, and had no impression respecting the guilt or innocence of the defendant, and was entirely free from bias and ill will, and knew of no reason why he could not sit as a juror, had a few days prior to said trial stated, in the presence of one May Lamb, that if he sat upon the trial of said cause as a juror he would see to it that appellant was hung; meaning thereby that he would insist on convicting appellant of murder in the first degree, and that said Lowry then and there expressed great animus and bias against appellant; that neither appellant nor his attorney knew of the said statements at the time the said juror was examined upon his *voir dire;* that said juror was actuated by strong personal bias, and entertained the fixed opinion at said time that this appellant was guilty and should be convicted of murder in the first degree—all of which was unknown to appellant or his attorney until long after the trial and entry of judgment, and after the termination of the appeal in the supreme court;

that defendant did not receive a fair and impartial trial on account of these matters.

To this petition the prosecuting attorney interposed a motion to dismiss upon the following grounds:

"(1) The court is without authority in law to issue said writ; (2) the said petition is not verified according to law; (3) the petition does not set forth facts sufficient to warrant or upon which to base the issuance of said writ, or to grant the relief prayed for in the petition."

This motion was sustained by the trial court, and the petition dismissed. From the order and judgment of dismissal, this appeal is taken.

The petition is neither signed nor verified by appellant, but bears the signature and verification of his attorney. Neither is it accompanied by the affidavit of the said May Lamb, referred to therein, nor by the affidavit of any other person or persons claiming to have heard any of the statements alleged to have been made by said Lowry. Coming in this form at so late a day, we think the petition was entirely insufficient, and that the order of the court dismissing the same was not error. *Reid v. Hoffman,* 6 Heisk. (Tenn.) 440; *Collins v. State,* 66 Kan. 201, 71 Pac. 251, 97 Am. St. 361 and notes, 60 L. R. A. 572; *Dobbs v. State,* 63 Kan. 321, 65 Pac. 658. Under our statutes and practice, it may be possible that occasion might arise where a writ *coram nobis* could be properly granted; but such occasions must be very rare, as provision is made to afford relief by other means in most cases. It has been held, and we think it to be the general rule, that the writ will not be issued to correct an error involving a question that has been adjudicated. 5 Ency. Plead & Prac., 29, 34. In this case the question of the qualification of Lowry as a juryman was adjudicated. He was questioned and cross-questioned upon his *voir dire* as to his qualifications, and was duly accepted as a juryman. That the writ cannot be employed to set aside verdicts and judgments on account of perjury seems to be well established.

*State ex rel. Davis v. Superior Court,* 15 Wash. 339, 46 Pac. 399. There would seem to be no greater reason why the writ should issue in a case where a prospective juryman is alleged to have answered falsely as to his qualifications.

We do not think the petition presented in this case justified the issuance of the writ. The judgment of the superior court is affirmed.

MOUNT, C. J., DUNBAR, CROW, HADLEY, FULLERTON, and RUDKIN, JJ., concur.