[No. 28203. *En Banc.* June 23, 1941.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES HAMPSON, *Appellant.*[1]

*John J. Sullivan* and *Bertil E. Johnson,* for appellant.

*Thor C. Tollefson* and *Hugo Metzler, Jr.,* for respondent.

DRIVER, J.—Defendant, James Hampson, was charged by information with the crime of murder in the first degree, and was tried before the court sitting with a

[1]Reported in 114 P. (2d) 992.

jury. The jury returned a verdict of guilty together with a special verdict directing that the death penalty should not be imposed. A motion for a new trial was denied, and from the judgment and sentence entered on the verdict, the defendant has taken this appeal.

The notice of appeal was served and filed on June 29, 1940. On August 24th, an order was entered in this court extending the time for certification and filing of the statement of facts to September 15th and for filing the appellant's abstract of record and opening brief to October 1st.

The statement of facts was filed in this court September 14th, and consisted of 416 pages. September 24th, on stipulation of the parties, another order was entered further extending the time for filing appellant's abstract and opening brief to October 15th. On October 10th, by still another order of this court, also based upon a stipulation of the parties, the time for filing appellant's abstract and opening brief was extended to November 1st.

Appellant's opening brief was filed on November 1st. His abstract of record was not filed in this court until November 14, 1940. The delay was not due to any lack of diligence on the part of appellant's counsel, but resulted, it seems, from the inadvertent oversight of a messenger to whom the filing of the brief and abstract had been entrusted.

By Rule XIV of the Rules of the Supreme Court, as set out in 193 Washington Reports, page 18-a, it is provided:

"In every cause in which the statement of facts contains over 200 pages, the appellant shall prepare a typewritten abstract of the record, a copy of which shall be served on the adverse party and the original and two legible copies filed with the clerk of this court, together with the briefs of the party preparing the same."

Rule XII, 193 Wash. 14-a, provides, in part:

"3. *No appeal in a criminal cause shall be effectual for any purpose* unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of the superior court according to the procedure, so near as may be, in civil causes;

"(b) A transcript of record certified by the clerk of the superior court, pursuant to the procedure, so near as may be, in civil causes;

"(c) *Appellant's abstract of record where required by the rules of the supreme court,* with proof of service thereof on the respondent;

"(d) Appellant's opening brief, prepared in accordance with the rules of the supreme court, with proof of service thereof on the respondent.

"Except as herein otherwise provided, the giving of the notice of appeal and the filing in the supreme court of a certified statement of facts, certified transcript of record, *abstract of record,* and appellant's opening brief, *shall be jurisdictional.*

"In any case where the proposed statement of facts or bill of exceptions has been filed with the clerk of the superior court within sixty days after giving notice of appeal as hereinbefore provided, but the appellant, through no fault of his own, is unable to have the same certified in time to file the same with the clerk of the supreme court within the time herein specified, the time for such certification may, upon good cause shown, be extended by the chief justice of the supreme court, or, in his absence, any other judge thereof; and if such extension be granted, said chief justice of the supreme court or judge thereof shall, in the same order, fix the time for filing the appellant's opening brief and abstract of record. . . .

"5. Except as otherwise provided in subds. 1, 2, 3, and 4 hereof, the rules relating to appeals in civil causes shall apply to criminal appeals, but no step in perfecting criminal appeals shall be deemed jurisdic-

tional except those enumerated in subd. 3 hereof."
(Italics ours.)

It is apparent that the appellant has failed to comply
with the provisions of Rule XII. As stated, the last
extension of time for filing the abstract was to Novem-
ber 1st, but the abstract was not filed until November
14th. It will be noted that the opening paragraphs of
subd. 3 of Rule XII, requiring filing within sixty days,
place the appellant's abstract of record (c) on pre-
cisely the same footing as the statement of facts (a),
the transcript (b), and the appellant's opening brief
(d). The rule provides that, unless all of them are
filed within sixty days after notice of appeal has been
given, an appeal in a criminal cause shall not be
"effectual for any purpose," and that such filing, with
exceptions not here involved, "shall be jurisdictional."

The rule, by its plain terms, makes the filing
of the abstract within the specified time a jurisdictional
requirement. Jurisdiction, we have often said, means
the power to hear and determine. *State ex rel. Mc-
Glothern v. Superior Court,* 112 Wash. 501, 192 Pac.
937; *Blanchard v. Golden Age Brewing Co.,* 188 Wash.
396, 63 P. (2d) 397; *In re Rabie's Estate,* 199 Wash.
207, 90 P. (2d) 1011.

Manifestly, then, if we are to hear and deter-
mine the present case upon the merits, we must excuse
appellant for his failure to comply with the provisions
of the rule. May this court make such an exception
in an individual instance?

In *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754,
the defendant was convicted and sentenced to im-
prisonment for life as an habitual criminal. He under-
took to prosecute an appeal, acting as his own attor-
ney. His transcript of record, statement of facts, and
opening brief were filed in this court too late to meet
the requirements of Rule XII. In the opinion, we re-

viewed the origin and history of the rule (formerly Rule XVII of Rules of Practice, 178 Wash. xxxvii) and pointed out that, before its final adoption, it had been intensively studied and exhaustively discussed over a period of many years by the superior court judges' association, the judicial council, and the members of the bar of the state, in order that it might be so fashioned as best to accomplish its purpose of minimizing delays in appeals of criminal cases. Appellant insisted that strict enforcement of the rule would deprive a man under sentence of life imprisonment of a review by this court on technical procedural grounds, but we definitely rejected the possibility of making a special exception and dismissed the appeal. We said:

"Finally, although the matters with which we are dealing are embraced in what we call a rule, it is that kind of a rule which has all the force of a statute, since it was promulgated at the direct command of the legislature 'to promote the speedy determination of litigation.' It is true that the court has the power to change and rewrite the rule, but that is a very different thing from excepting a particular individual from its operation or excusing its violation in a particular instance. *That, the court has no power to do.*" (Italics ours.)

The foregoing statement was approved and applied in *State v. Nelson,* 6 Wn. (2d) 190, 107 P. (2d) 1113, a recent *En Banc* decision. The court was divided "five to four," it is true, but the division was entirely on the question whether the case involved an appeal *in a criminal cause.* It was stated in the dissent that "If this is an appeal in a criminal case, the majority opinion is correct in dismissing the same as not timely prosecuted." In that case, the appellant (defendant) lodged his transcript of record and statement of facts with the clerk of this court within the time specified by Rule XII, but he did not transmit any filing fee

with them because his counsel had understood, from talking with the superior court clerk and a visiting deputy state auditor, that no such fee was required. Appellant later paid the filing fee upon being notified to do so, but it was then sixty-eight days after the notice of appeal had been given.

The principle announced in the *Currie* case is well supported by authority. The supreme court of the United States, in *Rio Grande Irrigation & Colonization Co. v. Gildersleeve*, 174 U. S. 603, 43 L. Ed. 1103, 19 S. Ct. 761, stated it as a quotation from the early Massachusetts case of *Thompson v. Hatch*, 3 Pick. 512, as follows:

" 'A rule of the court thus authorized [by statute] and made [by the court] has the force of law, and is binding upon the court as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. . . . The courts may rescind or repeal their rules, without doubt; or, in establishing them, may reserve the exercise of discretion for particular cases. But the rule once made without any such qualification must be applied to all cases which come within it, until it is repealed by the authority which made it.' "

The whole of the foregoing excerpt was quoted with approval in *State ex rel. Whitaker v. Lankford*, 158 Ind. 34, 62 N. E. 624, and the first sentence in *Clawans v. Whiteford*, 55 F. (2d) 1037. See, also, *Weil v. Neary*, 278 U. S. 160, 73 L. Ed. 243, 49 S. Ct. 144, and *Superior Fire Ins. Co. v. Martin*, 80 F. (2d) 275.

In the first of the cases just cited, the supreme court of Indiana dismissed an appeal because the appellant failed to comply with a rule which required the affixing of an index to the transcript of record.

We feel that it would serve no useful purpose to review the authorities from other jurisdictions and the decisions of this court in civil cases cited by ap-

pellant, as they are based upon rules which differ substantially from Rule XII, upon which the decision of the instant case necessarily depends.

Dismissal of an appeal seems a harsh penalty for failure to file an abstract of record within the required time. However, if it is too drastic and is not justified by the end sought to be accomplished, namely, the expediting of final determination in criminal appeals, then the remedy lies in appropriate amendment of the rule. As now constituted, it is mandatory in its terms, *does not reserve to this court the power to exercise discretion in particular cases,* and we have no alternative but to enforce its provisions.

The appeal must be dismissed, and it is so ordered.

ROBINSON, C. J., STEINERT, MAIN, MILLARD, SIMPSON, and JEFFERS, JJ., concur.

BLAKE and BEALS, JJ., dissent.