[No. 29204.]

ORDER REINSTATING APPEAL.

THE STATE OF WASHINGTON, *Respondent,* v. ROY L. SHEFFIELD, *Appellant.*[1]

January 7, 1944, the appeal in the above-entitled case was dismissed on the clerk's record.

Thereafter, the appellant petitioned for a rehearing and moved to vacate the order of dismissal.

Thereafter, on the 18th day of February, 1944, Rule XII was amended by allowing ninety (90) days within which to file appellant's opening brief and transcript of record.

It appearing that the amended rule is now effective and should be applied to the petition and motion under consideration:

IT IS ORDERED, That the order dismissing the appeal on the clerk's record be and the same is hereby set aside and the appeal reinstated.

Dated this 28th day of March, 1944.

By the Court:

GEORGE B. SIMPSON, *Chief Justice.*

MILLARD, J. (dissenting)—I dissent against reinstatement of appeal which was dismissed January 7, 1944. Appellant was convicted of the crime of accepting the earnings of prostitutes.

To hold that subsequent (February 18, 1944) amendment of Rule XII to allow ninety days to an appellant within which to file his opening brief and transcript of record excuses appellant's violation of a mandatory rule (Rule XII) which was in effect when his appeal was dismissed is not excepting a particular individual from operation of a mandatory rule, is illogical.

[1]Reported in 166 P. (2d) 171.

Men on their way to the gallows (those cases are available in the Washington digest of reports) vainly pleaded to this court for relaxation of rules like above. We justified our position in denying their pleas by stating that we would not change a mandatory rule to except a particular individual from its operation. In *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754, we dismissed the appeal of the defendant from conviction of being an habitual criminal. The appeal was dismissed for the reason that appellant's transcript of record was filed in this court more than two months too late, his statement of facts was twenty-eight days too late, and his opening brief more than forty days too late under the rules. The appellant personally conducted his appeal, which we stated was far beyond his capacity and understanding. Despite the fact that he was incapable of conducting his appeal, and that the dismissal of his appeal resulted in confinement for the remainder of his life within the penitentiary as an habitual criminal, we held that we would not relax the rules to excuse violation thereof in a particular instance. We said:

"Finally, although the matters with which we are dealing are embraced in what we call a rule, it is that kind of a rule which has all the force of a statute, since it was promulgated at the direct command of the legislature 'to promote the speedy determination of litigation.' It is true that the court has the power to change and rewrite the rule, but that is a very different thing from excepting a particular individual from its operation or excusing its violation in a particular instance. That, the court has no power to do."

In *State v. Hampson,* 9 Wn. (2d) 278, 114 P. (2d) 992, the appeal of the defendant from conviction of murder in the first degree was dismissed under the provisions of Rule XII for the reason that the abstract of record was not filed with the clerk of this court until thirteen days after the time within which the rule provided for such filing. We reviewed our prior cases and held that the rule was mandatory and that we would not except a particular individual from its operation or excuse its violation in a particular instance. We said:

"Dismissal of an appeal seems a harsh penalty for failure to file an abstract of record within the required time. However, if it is too drastic and is not justified by the end sought to be accomplished, namely, the expediting of final determination in criminal appeals, then the remedy lies in appropriate amendment of the rule. As now constituted, it is mandatory in its terms, *does not reserve to this court the power to exercise discretion in particular cases,* and we have no alternative but to enforce its provisions."

Under the provisions of Rule XII, in *State v. Conners,* 12 Wn. (2d) 128, 120 P. (2d) 1002, we dismissed an appeal from conviction of grand larceny. In that case, although the record and briefs in the cause were received by the clerk of this court within the sixty-day period prescribed by Rule XII, we dismissed the appeal because the required appearance fee of five dollars was not paid until two days after the period in which such fee should have been paid.

If we did not mean what we said in so many of our cases respecting the enforcement of mandatory rules we should overrule those opinions and inform the Bar that when so disposed we will rewrite the rule in order to permit an appellant to perfect his appeal and authorize a hearing of the appeal on its merits. We should also amend our rules

to permit those now in the penitentiary, whose appeals were dismissed by this court because of violation of some of our rules, to again appear in this court and have their appeals heard on the merits. Nothing can be done, however, for others who went to the gallows pleading that their appeals be heard on the merits.