**MASON v. SMITH, Superintendent of Penitentiary.**

Undocketed.

Circuit Court of Appeals, Ninth Circuit.

April 6, 1945.

Leave to File Petition for Writ of Certiorari Denied June 4, 1945.

See 65 S.Ct. 1407.

Ben F. Mason, in pro. per., for petitioner.

No other appearances.

WILBUR, Circuit Judge.

The petitioner presents to me as Senior Circuit Judge, an application for certificate of probable cause under the provisions of 28 U.S.C.A. § 466, which requires such a certificate as a basis for an appeal without which the court of appeals has no jurisdiction of the appeal. Schenk v. Plummer, 9 Cir., 113 F.2d 726. A similar application was made for a certificate to the United States District Court for the Eastern District of Washington which had made the order denying the petitioner a writ of habeas corpus from which the petitioner sought to take an appeal. That court had power to grant the certificate. 28 U.S.C.A. § 466, supra. The application for a certificate was denied for the reason that the same question involved in the case had already been adjudicated by this court in a prior appeal by petitioner from a similar, if not identical, decision on his prior application for a writ of habeas corpus. Mason v. Webb, 9 Cir., 142 F.2d 584. This court there held that the petitioner Mason had not exhausted his state remedies and suggested that before making a new application in the federal courts he should seek recourse in the courts of the state of Washington. Petitioner is imprisoned in

the state penitentiary of the state of Washington at Walla Walla, Washington, under a judgment of conviction and sentence in a state court. The statute, 28 U.S.C.A. § 466, in such a case denies to petitioners for writ of habeas corpus, the right of appeal from final decision thereon unless a certificate of probable cause is made either by the district court where the judgment sought to be appealed from is rendered, or from a Circuit Judge of the circuit wherein the order appealed from was made.

The petition contains more than 51 typewritten pages and is accompanied by a brief of 14 pages, all prepared by the petitioner, who appears on his own behalf. The petitioner admits that the present petition is substantially identical with the one heretofore presented to the court in the appeal above mentioned.

He claims that a recent decision of the Court of Appeals for the Seventh Circuit, Potter v. Dowd, 146 F.2d 244, has so enlarged the right to proceed in the federal courts that if that decision is followed by the Circuit Court of Appeals for the Ninth Circuit it should entertain jurisdiction notwithstanding its decision in Mason v. Webb, supra. The decision of the Supreme Court in Ex parte Hawk, 318 U.S. 746, 63 S.Ct. 979, 87 L.Ed. 1123, upon which the Circuit Court of Appeals for the Seventh Circuit relied in its opinion in Potter v. Dowd, supra, did not extend the jurisdiction of. the federal courts over the general subject of habeas corpus where relief is sought from imprisonment under state process, but did hold that said proceedings should be had in the federal District and Circuit Courts of Appeals before reaching the Supreme Court of the United States. No new ruling was made by the Supreme Court in the Hawk case concerning the necessity of exhausting the remedies provided by the state for the alleged wrong. The doctrine is reaffirmed in that decision. It follows that the petitioner has had his day in court upon the question as to whether he has a right to proceed in federal courts without further proceedings in the state court and that the decision of the District Court denying the application for the writ of habeas corpus and the subsequent order refusing to certify probable cause for an appeal were correct.

Petition denied.