**HAMPSON v. SMITH, Superintendent of State Penitentiary.**

No. 11129.

Circuit Court of Appeals, Ninth Circuit.

Dec. 6, 1945.

As Amended Jan. 17, 1946.

418

James Hampson, in pro. per., for appellant.

Smith Troy, Atty. Gen., of Washington, and R. Paul Tjossem and Edwin C. Ewing, Asst. Attys. Gen., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order dismissing a petition for release in a habeas corpus proceeding. Appellant is serving a life sentence in the Washington state penitentiary upon conviction of murder in the first degree of a young woman, a former friend of appellant, by the superior court of Pierce County of that state. The petition was dismissed by District Judge Schwellenbach upon the ground "that the petition presents no question of which this court might acquire jurisdiction." We do not agree. For reasons later stated, we think the petition presented to the district court for its consideration a justiciable question of claimed violation of right under the Fourteenth and Fifth Amendments of the Federal Constitution.

■ The petition shows that on February 21, 1940, the young woman was found still alive, with her skull crushed by a blow with some weapon. On that day appellant was arrested without warrant and held incommunicado without charge or indictment until the fifth day of March, during all of which time he protested his innocence. No incriminating statements were made during this period, and it is not claimed that this illegal incarceration in any way affected the subsequent trial. We think that here is no ground of collateral attack in habeas corpus on the judgment.

On March 4, 1940, the young woman died. The next day the prosecuting attorney of Pierce County filed an information charging appellant with her murder in the first degree. Appellant was represented by an attorney from, at least, as early as April 22, 1940, and continued to be so represented throughout his trial and in an attempted appeal.

On the 21st day of February, 1940, two police officers entered appellant's room in the house in which he was living and took certain pieces of his clothing, which were introduced as exhibits against him by the prosecution at the trial which terminated in a verdict of guilty on June 13, 1940. To meet this evidence appellant was required to waive his immunity and testify. It is admitted that the police officers had no search warrant, and appellant claims they were without the probable cause to search his room required by the Washington law in the absence of a search warrant.

■ Appellee claims that we should not consider the question whether this introduction of evidence violates any of the provisions of the Federal Constitution, because appellant has not exhausted his state remedies. We do not agree. As later discussed, the question of the right to search was adjudicated by the trial court on a motion to suppress the evidence. The Washington supreme court has held that the habeas corpus proceeding in that state can consider nothing other than "that the judgment and sentence, by virtue of which the petitioner is held in confinement is void on its face." Grieve v. Webb, 22 Wash.2d 902, 158 P.2d 73, 74.

Likewise that court has held that in coram nobis proceedings in that state no issue which has been determined upon trial in a criminal proceeding will there be reconsidered,—even after-discovered evidence of the falsity of a juror's testimony on his examination on his voir dire. State v. Armstrong, 41 Wash. 601, 84 P. 584, and after-discovered evidence strongly indicating the innocence of the convicted man. Humphreys v. State, 129 Wash. 309, 317, 318, 224 P. 937, 33 A.L.R. 78.

■ Section 464 of Remington's Code provides that a superior court may set aside its judgment for fraud of the successful party or error on the part of the court, on motion made within one year after the judgment was rendered. Here the year had passed before the dismissal of an attempted appeal from the judgment, raising the question of the admission of the exhibits. We do not regard the right created by section 464 of Remington's Code, the exercise of which is contemporaneous with the appeal, as one which must be exercised before the federal courts may consider claimed violations of federal constitutional right in the conviction of appellant.

It thus appears that Washington has no proceeding to review appellant's contention that he had been convicted by being compelled to testify against himself by reason of the claimed unlawful search and seizure. The question was before the district court and is before us. Cf. Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978.

On April 24, 1940, appellant, through his attorney, petitioned the superior court to suppress the use as evidence at his forthcoming trial of the articles so taken from his room, on the ground of the absence of probable cause required by the Washington law. His petition sought the attendance of the sheriff and police officers concerned with his arrest and the search of his room, four of whom testified at the hearing of the petition. Thereafter, in the words of his petition here, "on the 10th day of May, 1940, the petitioner's said petition was heard by the said court, *evidence was introduced,* and the petitioner's said attorney and said prosecuting attorney having argued the matter in open court, the Honorable E. D. Hodge, Judge of said Court, thereupon made and entered an Order Overruling Defendant's petition to Suppress evidence." (Emphasis supplied.)

The evidence which led to the denial of the petition is not described and does not appear in the record. It is not alleged that the testimony of the officer witnesses failed to show that the officers searching appellant's room and taking his clothing and other property did not have knowledge concerning the probability that appellant was the murderer. Under these circumstances we are required to assume that the superior court properly performed its adjudicatory function and that there was evidence of the probable cause warranting the decision. It is hence unnecessary to consider the constitutional question, Arkansas Fuel Oil Co. v. Louisiana, 304 U.

S. 197, 202, 58 S.Ct. 832, 82 L.Ed. 1287, whether the conviction on evidence seized by state officers in violation of state law, held not in violation of the Fourth Amendment in National Safe Deposit Co. v. Stead, Atty. Gen. of State of Illinois, 232 U.S. 58, 71, 34 S.Ct. 209, 58 L.Ed. 504, amounts to a denial of due process under the Fourteenth Amendment. Here there is no suggestion that the police officers conspired to testify to a non-existent probable cause, a matter outside the record as in Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406.

Under the Washington law as it was at the time here pertinent, the appellant in a criminal case obtained no jurisdiction in the supreme court of that state on appeal from a judgment of conviction, unless within sixty days after giving notice of appeal in the trial court he filed in the supreme court a certified statement of facts, certified transcript of record and appellant's opening brief.[1] Appellant was several days late in filing these documents and his attempted appeal was dismissed. We see nothing irrational in the requirement of the Washington law for obtaining jurisdiction in a criminal appeal.

Appellant seeks to show that in a later case, Washington v. Sheffield, Wash., 166 P.2d 171, an appellant filed the required documents after the sixty day period and had his appeal dismissed. He then moved for a rehearing, whereupon the supreme court amended its rule allowing a ninety day period. That court accepted the documents within the extended time and the appeal was entertained. A dissenting judge's opinion refers to appellant's appeal, State v. Hampson, 9 Wash.2d 278, 114 P.2d 992, as stating the law in the instant case. We do not see that this statement presents any federal question or that, if it did, any wrong was done appellant of which he may complain.

The order appealed from is affirmed.

---

[1] Rule XII, 3(a), Rules of the Supreme Court of the State of Washington, 193 Wash.

15-a.