[No. 29830. Department Two. August 24, 1946.]

THE STATE OF WASHINGTON, *Respondent,* v. B. F. MASON, *Appellant.*[1]

*B. F. Mason, pro se.*

*Lloyd Shorett* and *James D. McCutcheon, Jr.,* for respondent.

ROBINSON, J.—This is an appeal from an order denying an application for a writ of *coram nobis.* The appellant is serving a sentence imposed on June 12, 1939, on a plea of guilty made in the superior court of King county, the Hon-

[1] Reported in 172 P. (2d) 207.

orable Hugh C. Todd, one of the judges of that court, presiding.

The state contends that appellant has not fully complied with the statutes governing appeals to this court and moves to dismiss. There is some doubt about that matter, but, since appellant is acting as his own attorney and has been compelled to conduct his case while confined in the state penitentiary, we think it just and right that procedural doubts should, if at all possible, be resolved in his favor. The motion to dismiss is denied.

■ *Coram nobis* is not listed as one of the writs which this court is authorized to issue by Art. IV, § 4, of the state constitution, which is natural enough, since the nature of the writ is such as to raise matters originally cognizable in trial courts. Nor is it expressly mentioned in Art. IV, § 6, defining the jurisdiction of the superior courts. It has been contended that, under our practice, its function is superseded, or compensated for, by our statutory provisions for the modification or vacation of judgments. *State v. Armstrong*, 41 Wash. 601, 84 Pac. 584. These statutes (Rem. Rev. Stat., §§ 464 to 473 [P.P.C. §§ 71-1 to 71-13], inclusive) have been ruled applicable to judgments in criminal cases by *State v. McKeen*, 186 Wash. 127, 132, 56 P. (2d) 1026, and cases therein cited.

On the other hand, this court has impliedly recognized *coram nobis* as an available writ. In *Humphreys v. State*, 129 Wash. 309, 224 Pac. 937, 33 A. L. R. 78, such a writ was applied for, and refused by the trial court, not on the ground that it was without power to issue the writ, but on the ground that the application failed to allege sufficient facts.

In this case, as in *Humphreys v. State, supra*, the trial judge acted upon the assumption that he had jurisdiction to issue the writ, but refused to do so. The order appealed from reads as follows:

"THIS MATTER coming on regularly for hearing upon the application of the above named defendant for a Writ of Error Coram Nobis, and it appearing that on or about August 6th, 1945, a petition for Writ of Error Coram Nobis,

containing forty-five numbered pages, was filed by the defendant, and the Court having examined said Petition, and being satisfied that the questions raised therein were passed upon by an order entered on the 12th day of November, 1941, by the Honorable Hugh Todd, Judge of the Superior Court of the State of Washington for King County, in which order the Court denied a petition for a Writ of Error Coram Nobis filed herein on October 10, 1941, and it further appearing to the Court that said order directed the Clerk to 'forthwith transmit, by registered mail, a certified copy of this order to the said petitioner, Ben F. Mason, at the State Penitentiary, at Walla Walla, Washington,' and it appearing that no appeal was taken from said order of November 12, 1941, and that the matter is res adjudicata, now therefore,

"It Is Hereby Ordered, Adjudged, and Decreed that the petition be, and the same is hereby, denied and dismissed, and it is further Ordered, Adjudged and Decreed that the Clerk of this Court be and he is hereby directed to forthwith transmit by registered mail a certified copy of this order to the petitioner, Ben F. Mason, at the State Penitentiary at Walla Walla, Washington.

"Done in Open Court, this 22nd day of August, 1945.
                              "Hugh Todd, Judge"

It appears, from the somewhat voluminous record before us, that the order of November 12, 1941, read as follows:

"It appearing to the court on examination of the petition of the defendant B. F. Mason for a Writ of Error Coram Nobis herein, that the facts alleged in said petition were known to the defendant prior to his entry of a plea of guilty herein; that said petition does not state facts sufficient to entitle the said petitioner to either a Writ of Error Coram Nobis or an Order to Show Cause; it is now by the court

"Ordered and Adjudged that said petition be and the same is hereby denied and dismissed; and

"It Is Further Ordered and Adjudged that the Clerk of this Court be and he is herewith directed to forthwith transmit by registered mail a certified copy of this order to said petitioner B. F. Mason, at the State Penitentiary at Walla Walla, Washington.

"Done in Open Court this 12th day of November, 1941.
                              "Hugh Todd, Judge"

█ It was early held by this court that the doctrine of *res judicata* applied to orders denying an application to

vacate or set aside judgments. It was said, in *Wilson v. Seattle Dry Dock & Ship Bldg. Co.,* 26 Wash. 297, 300, 66 Pac. 384, a case decided in 1901:

"Treating the petition in this case as an independent application to vacate and set aside the judgment of dismissal, the order appealed from is clearly right. The order denying the first application was a final order, within the meaning of the statute, from which an appeal could have been prosecuted. As such it was a final determination of the matter, and *res judicata* as against any subsequent independent procedure seeking the same relief. *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207 (51 Pac. 363); *Chezum v. Claypool,* 22 Wash. 498 (61 Pac. 157, 79 Am. St. Rep. 955); *McCord v. McCord,* 24 Wash. 529 (64 Pac. 748)."

■ We are of the opinion that the rule of *res judicata* applies to orders denying applications for writs of *coram nobis* which are, in essence, merely the first steps in a proceeding to vacate a judgment. Having, for obvious reasons, no decisions of our own on the exact question raised, we must resort to decisions from other jurisdictions. The California decisions in *People v. Vernon,* 9 Cal. App. (2d) 138, 49 P. (2d) 326, and in *Vernon v. Rappaport,* 25 Cal. App. (2d) 281, 77 P. (2d) 257, are very much in point, and are further valuable for their citation of cases decided in other courts. We quote from the *Vernon* opinion only, although the text of the *Rappaport* opinion is equally persuasive:

"Assuming the correctness of such decisions as far as they announce the applicability of the writ to a given state of facts, and herein, for the sake of illustrating the point, making some of them possibly applicable to the position occupied by the applicant herein, it becomes apparent that if no legal limitation be placed upon his asserted right, at his pleasure, to renew his motion to vacate the judgment, or to apply for a writ of error, *coram nobis,* based upon either facts theretofore stated in a former application, or to a motion theretofore presented by him for the ultimate purpose of vacating the judgment, or upon facts then known to him,—the final and really conclusive adjudication of the question of whether the judgment rendered against him should be vacated may never be determined. For example, failing in his present attempt to vacate the judgment, after the lapse of an additional four and one-half years (as exists

in the facts of the instant application), the defendant might make his third application on the ground that he was insane at the time he pleaded 'guilty,' which fact was unknown to both the court and the defendant's counsel (*People v. Superior Court, supra* [4 Cal. (2d) 136, 47 P. (2d) 724]; *Hydrick v. State*, 104 Ark. 43 [148 S. W. 541]; *Linton v. State*, 72 Ark. 532 [81 S. W. 608]; *Withrow v. Smithson*, 37 W. Va. 757 [17 S. E. 316, 19 L. R. A. 762]; *Hawie v. State*, 121 Miss. 197 [83 So. 158, 10 A. L. R. 205]); and assumedly being unsuccessful in that particular effort, and following the result of a possibly unsuccessful appeal from the order denying such application, again and again, four and one-half additional years thence ensuing between each of such successive motions, he might present to the court a fourth, a fifth, a sixth (and *ad infinitum*) motions, each based on the ground that his plea of 'guilty' was procured by 'extrinsic fraud' (*People v. Superior Court, supra; People v. Campos, supra* [3 Cal. (2d) 15, 43 P. (2d) 274]; *People v. Schwartz, supra* [201 Cal. 309, 257 Pac. 71]; *People v. Reid, supra* [195 Cal. 249, 232 Pac. 457, 36 A. L. R. 1435]; *People v. Mooney, supra* [178 Cal. 525, 174 Pac. 325]; *In re Sargen, supra* [135 Cal. App. 402, 27 P. (2d) 407]; *People v. Perez, supra* [9 Cal. App. 265, 98 Pac. 870]; *In re Ernst*, 179 Wis. 646 [192 N. W. 65, 30 A. L. R. 681]), which in its respective inducing facts might materially differ from any such facts theretofore set up in either or any of the preceding motions of the kind that had been made by the defendant, and of which facts at all times, presumptively or actually, he had full and complete knowledge."

It is held in the California decisions, and in other decisions therein cited, that the first order is *res judicata*, even if the second application contains additional grounds, provided that the new grounds are based upon facts which the petitioner knew, or should have known, at the time the first application was made. This is, of course, but an application of a rule, well established in the case law, relating to *res judicata*, but, as will be hereinafter pointed out, it is unnecessary for the state to invoke that rule in the instant case.

The appellant relies chiefly upon the recent decision of the supreme court of the United States in *Waley v. Johnston*,

316 U. S. 101, 86 L. Ed. 1302, 62 S. Ct. 964, and especially upon the following paragraph thereof:

"The principle of res judicata does not apply to a decision on habeas corpus refusing to discharge a prisoner, Salinger v. Loisel, 265 U. S. 224. It does not appear that on petitioner's earlier application for a writ of coram nobis the same issue was raised as that now presented. The earlier application was denied for insufficiency upon its face and without a hearing. There is thus no basis for the holding of the District Court that the denial is res judicata of the present petition."

But in that case the writ sought was a writ of habeas corpus, and it was contended that the denial of a previous application for a writ of coram nobis was res judicata. That there may be no misunderstanding as to what the case actually holds, we quote the pertinent headnote to the opinion:

"4. A decision denying a writ of error coram nobis in a criminal case, rendered on the face of the petition and without a hearing, and not shown to have involved the issue raised later by a petition for habeas corpus, held not res judicata as applied to the latter."

▇ The decision in Waley v. Johnston is not in point. In the instant case, it was held by the trial court that a previous order denying a petition for coram nobis is res judicata as to a second application for a writ of coram nobis on the same facts. We have determined for ourselves, by comparing the two long petitions and their supporting affidavits, that the trial court correctly held that the second petition raised substantially the same issues as the first. Different language is used, some matters are given more emphasis in the second petition than in the first, but the petitioner's statements of his grievances are, in both applications, to all intents and purposes, the same.

We will not undertake, in this opinion, to decide whether or not the trial court had the power to issue a writ of coram nobis. A decision of such importance should only be made in a case where the point is in actual controversy, and is formally briefed and earnestly argued. Nor is it necessary

to decide it in this case. If the trial court did not have the power to issue such a writ, the result of the order appealed from is correct. If, as the court assumed, it did have the power to issue the writ, we are of the opinion that it made a proper disposition of the application.

The order appealed from is, therefore, affirmed.

BEALS, C. J., BLAKE, and JEFFERS, JJ., concur.