## MASON v. SMITH.
### No. 11552.

Circuit Court of Appeals, Ninth Circuit.
May 27, 1947.

Ben F. Mason, in pro. per.

Smith Troy, Atty. Gen., State of Washington, and William C. Klein, Asst. Atty. Gen., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

In his petition for a writ of habeas corpus, the appellant asserts that the "cause

or pretense" for his imprisonment is an "alleged" judgment of the superior court of the State of Washington for King County, dated June 12, 1939, following an "alleged" conviction on an information charging the "alleged crime of receiving and concealing stolen negotiable promissory notes." That conviction, the petition continues, was the result of an "alleged" plea of guilty, and was followed by a sentence of 12 years, as fixed by the Board of Prison Terms and Paroles of the State of Washington.

The petitioner further asserts that the judgment and sentence were rendered in violation of the Fourteenth Amendment of the Constitution of the United States, in that the plea of guilty upon which the judgment was based "was wrung" from him through coercion, duress, fraud, etc.

This is the third time that the appellant has brought his case before this court. See Mason v. Webb, 9 Cir., 142 F.2d 584, certiorari denied, 323 U.S. 747, 65 S.Ct. 58, 89 L.Ed. 598; Mason v. Smith, 9 Cir., 148 F.2d 894, leave to file petition for certiorari denied, 325 U.S. 839, 65 S.Ct. 1407, 89 L. Ed. 1965. One phase of his long legal battle for freedom also has been considered by the Supreme Court of the State of Washington. See State v. Mason, 25 Wash.2d 767, 172 P.2d 207.

For the purposes of this decision, it will be necessary to give only a brief statement of the case, supplementing those contained in the opinions cited above.

The petition herein recites that the appellant filed a petition for the common law writ of error coram nobis in the King County trial court, "alleging extrinsic errors of fact". On November 12, 1941, the sentencing judge denied the petition. The court's order of denial was received by the petitioner at the state penitentiary on November 25, 1941, 13 days after the entry thereof. The appellant asserts that "it was therefore impossible for him to have served and [to] file a notice of appeal within five days as required by the rules governing appeals to the Supreme Court of Washington". Thereafter, the appellant filed in the superior court of King County a second petition for a writ of error coram nobis. On August 22, 1945, one of the judges of

that court entered an order denying the petition on the ground that "the questions raised therein were passed upon by an order entered on the 12th day of November, 1941, * * * and that the matter is res adjudicata * * *." The Supreme Court of the State affirmed the order. See State v. Mason, supra.

On October 21, 1946, the appellant filed a petition for a writ of habeas corpus in the court below, which denied the petition on January 7, 1947. From the order of denial the present appeal was taken, in forma pauperis.

It will be observed that the appellant herein did not take an appeal from the adverse decision of the superior court of King County on his first petition for a writ of error coram nobis.

The fact that it was "impossible for him to have served and [to] file a notice of appeal within five days as required by the rules governing appeals to the Supreme Court of Washington", does not excuse his non-action in the matter. He should have made the effort, and he must still make the effort, before he can successfully contend that he has exhausted all state remedies.

As we have pointed out in our opinion in Barton v. Smith, 9 Cir., 162 F.2d 330, the Supreme Court of Washington, in at least one recent non-capital case, has changed its rule as to the time within which appeal documents must be filed. As a result, a tardy appellant has been allowed to present his case.

To paraphrase the language of the Supreme Court of the United States in Woods v. Nierstheimer, 328 U.S. 211, 216, 66 S. Ct. 996, 999, 90 L.Ed. 1177, "we do not know whether the state" Supreme Court "will construe" its own rules "so as to deprive petitioner of his right to challenge a judgment asserted to have been rendered in violation of Constitutional guarantees where his action is brought" after the prescribed time-limit. See also Canada v. Jones, 8 Cir., 160 F.2d 818.

The full implications of Woods v. Nierstheimer and State v. Mason, supra, are discussed in Barton v. Smith, supra, and in Hampson v. Smith, 9 Cir., 162 F.2d 330.

It would serve no useful purpose to repeat that discussion at this point.

Accordingly, the order of the court below, dismissing the appellant's application for a writ of habeas corpus, is affirmed.